IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD S. RILEY, | : |
| Plaintiff, | : C.A. No. |
| v. | : |
| THE DELAWARE RIVER AND BAY AUTHORITY, JAMES JOHNSON, Individually, JAMES WALLS, Individually, TRUDY SPENCE-PARKER, Individually, and CONSUELLA PETTY-JUDKINS, Individually, | : |
| Defendants, | : |

## COMPLAINT

1. Plaintiff Ronald S. Riley is a United States citizen, a resident individual residing at 813 N. Clayton Street, Wilmington, Delaware 19805, and an employee of The Delaware River and Bay Authority.

2. The Delaware River and Bay Authority is a bi-state agency of the State of Delaware and New Jersey.

3. Defendant James Johnson is the Chief Executive Officer of The Delaware River and Bay Authority and is an agent, employee, servant, representative of The Delaware River and Bay Authority. Defendant Johnson is sued in his individual and official capacities.

4. Defendant James Walls is the Chief Operations Officer of The Delaware River and Bay Authority and is an agent, employee, servant, representative of The Delaware River and Bay Authority. Defendant Walls is sued in his individual and official capacities.

5. Defendant Trudy Spence-Parker is the Chief Human Resource Officer of The Delaware River and Bay Authority and is an agent, employee, servant, representative of The

Delaware River and Bay Authority. Defendant Spence-Parker is sued in her individual and official capacities.

6. Defendant Consuella Petty-Judkins is the Equal Employment Opportunity/Recruitment Manager of The Delaware River and Bay Authority and is an agent, employee, servant, representative of The Delaware River and Bay Authority. Defendant Petty-Judkins is sued in her individual and official capacities.

## JURISDICTION

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 28 U.S.C. §§ 2201 and 2202, and the Fourteenth Amendment to the United States Constitution. The cause of action arises under 42 U.S.C. § 1983, 42 U.S.C. §1981 Title 7 and Title 7 of the Civil Rights of 1964, 42 U.S.C. §2005(e), et seq. The state law causes of action arise under the common law of the State of Delaware. This Court has jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367 which provides for supplemental jurisdiction. The claims arise in this judicial district.

8. At all relevant times herein, Plaintiff Ronald S. Riley has been employed by the Defendant, The Delaware River and Bay Authority (hereinafter "DRBA") as an operations clerk.

9. At all relevant times herein, Plaintiff Ronald S. Riley (hereinafter "Riley" or "plaintiff Riley") was employed by the Airport Safety Department as an Airports Operations Clerk with a paygrade of "P". At all relevant times herein plaintiff Riley's job performance has exceeded all requirements and/or expectations of the job performance.

10. As an Operations Clerk, plaintiff Riley was requested to perform a variety of administrative duties including, but not limited to, answering phones, managing identification

2

badge systems, providing clerical support for the airport operations staff, and to be the direct contact for all outside agencies with the airport.

11. Although plaintiff Riley has been given the job title of an operations clerk with a paygrade of "P", plaintiff Riley functions at a much higher responsibility level. Despite the fact that the plaintiff Riley performs responsibilities above and beyond that of an operations clerk, the Defendant has failed to provide him with equal paygrade for the work that he performed to date. In addition, the Defendant has failed to promote plaintiff Riley for promotions despite the fact that he performs work and his job duties are in excess of that as defined by an operations clerk.

12. The Plaintiff attempted to file an internal complaint within DRBA with agents, servants and employees of DRBA to address the fact that his compensation was not adequate for his job responsibilities. Despite the fact that plaintiff Riley filed an internal complaint, no action has been taken by DRBA to address the issues regarding his inadequate compensation for his job responsibilities.

13. The Plaintiff alleges that Defendant DRBA, and the individual Defendants James Johnson, James Walls, Trudy Spence-Parker and Consuella Petty-Judkins, have failed to provide the Plaintiff with adequate compensation to adequately compensate him for the work responsibilities he performs and/or failed to promote him despite the fact that he has applied promotions due to the fact that he is an African American male and that the Plaintiff has been subject to the discrimination by the Defendant DRBA and created a hostile work environment on the basis of his race in violation of 42 U.S.C. §1981 Title 7 and Title 7 of the Civil Rights of 1964, 42 U.S.C. §2005(e), et seq.

14. As a direct proximate and legal result of the discrimination by DRBA and the hostile work environment, plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees, and other relief that this Court deems appropriate.

15. The individual Defendants' actions clearly violated established federal constitutional rights of which any reasonable official would have known.

16. At all times material herein the individual Defendants participated in, authorized and sanctioned constitutional and state law deprivations and illegally discriminated against plaintiff Riley due to his race.

17. The actions of the Defendants and their agents or employees were deliberate, intentional, willful, purposeful and knowing violations of federal and state law.

18. Defendants either knew or showed a negligent or reckless disregard for the matters and whether their conduct violated federal, constitutional and state law rights.

19. Defendants' actions were wanton, malicious or taken with reckless indifference to the federal, constitutional and state law rights.

20. The exercise of rights under the U.S. Constitution made a difference in all actions adverse to plaintiff Riley.

21. The exercise of these rights was a motivating substantial and determinative factor in all actions adverse to plaintiff Riley.

22. The Plaintiff repeat and re-allege paragraphs 1 through 21 as set forth herein.

23. Defendants intentionally inflicted severe emotion distress upon plaintiff Riley when, by and through, the individual Defendants intentionally, willfully and wantonly discriminated upon plaintiff Riley due to the fact that he is an African American male whereby intentionally and callously inflicting severe emotional distress upon plaintiff Riley.

WHEREFORE, Plaintiff requests this Court enter an order as follows:

(1) enter judgment against each of the Defendants;

(2) enter judgment declaring the acts of the Defendants to be in violation of plaintiff's constitutional, statutory and common law rights;

(3) enter judgment against all Defendants jointly and severally for compensatory damages, including, but not limited to, lost wages, back pay, benefits, future front pay, loss of earning capacity, past or future pension loss and other retirement benefits, emotional distress, humiliation, embarrassment and injury to reputation;

(4) enter judgment against all Defendants jointly and severally for punitive damages;

(5) award plaintiff costs, pre and post judgment interest, and attorneys' fees for the suit; and,

(6) require such and further relief as this Court deems just and equitable.

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ James P. Hall

JAMES P. HALL, ESQUIRE (#3293)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiff

DATE: 10/18/05