IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD S. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-746-KAJ |
| | ) | |
| THE DELAWARE RIVER AND BAY | ) | Related Case |
| AUTHORITY, JAMES JOHNSON, | ) | C.A. No. 05-126-KAJ |
| Individually, JAMES WALLS, Individually, | ) | |
| TRUDY SPENCE-PARKER, Individually, | ) | |
| and CONSUELLA PETTY-JUDKINS, | ) | |
| Individually. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN
SUPPORT OF THEIR MOTION TO DISMISS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants

DATED:   November 28, 2005

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| STATEMENT OF FACTS | 1 |
| Plaintiff Alleges Violation Of Title VII And § 1981 Based On A 2001 Job Change | 1 |
| Plaintiff Files Lawsuit Alleging Title VII Violations Without First Filing With An Appropriate Administrative Agency | 2 |
| Plaintiff Re-files Lawsuit Without Pleading Exhaustion Of Remedies Or Attaching A Notice Of Right To Sue From The EEOC | 3 |
| SUMMARY OF ARGUMENT | 4 |
| ARGUMENT | 4 |
| I. STANDARD OF REVIEW | 4 |
| II. PLAINTIFF'S TITLE VII CLAIM MUST BE DISMISSED | 5 |
| A. Plaintiff Failed To Exhaust His Administrative Remedies As Required By Title VII | 5 |
| B. Plaintiff's Title VII Claim Is Barred By The Statute Of Limitations | 6 |
| C. Individual Defendants Are Not Liable Under Title VII | 8 |
| III. PLAINTIFF'S § 1981 CLAIM MUST BE DISMISSED | 8 |
| A. Defendant DRBA Is Immune From § 1981 Claims Based On 11th Amendment Sovereign Immunity | 8 |
| B. Plaintiff's § 1981 Claim Is Time-Barred | 10 |
| IV. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED") CLAIM MUST BE DISMISSED | 12 |
| A. Plaintiff's IIED Claim Is Time-Barred | 12 |
| B. Plaintiff Fails To Allege Conduct Sufficient To State An IIED Claim | 12 |

## TABLE OF AUTHORITIES

**PAGE**

Cases

Amtrak v. Morgan,
   536 U.S. 101 (2002) .................................................................................................. 6

Berry v. Bd. Of Supervisors of Louisiana State Univ.,
   715 F.2d 971 (5th Cir. 1983) ..................................................................................... 8

Berry v. E.I. DuPont de Nemours & Co.,
   625 F. Supp. 1364 (D. Del. 1985) ............................................................................ 11

Buckley v. Trenton Saving Fund Soc.,
   544 A.2d 857 (N.J. 1988) ........................................................................................ 12

Conley v. Gibson,
   355 U.S. 41 (1957) .................................................................................................... 4

Cornwell v. Robinson,
   23 F.3d 694 (2d Cir. 1994) ........................................................................................ 5

D.P. Enter. Inc. v. Bucks County Cmty. Coll.,
   725 F.2d 943 (3d Cir. 1984) ...................................................................................... 4

Foxworth v. Pa. State Police,
   2005 U.S. Dist. LEXIS 6169 (3d Cir. Apr. 12, 2005) ................................................. 8

Goodman v. Lukens Steel Co.,
   482 U.S. 656 (U.S. 1987) ........................................................................................ 11

Hishon v. King & Spaulding,
   467 U.S. 69 (1984) .................................................................................................... 5

Hornsby v. U.S. Postal Serv.,
   787 F.2d 87 (3d Cir. 1986) ........................................................................................ 5

Jones v. Donnelley & Sons Co.,
   541 U.S. 369 (2004) ................................................................................................ 11

Jones v. WMATA,
   205 F.3d 428 (D.C. Cir. 2000) ................................................................................ 10

Lake Country Estates v. Tahoe Reg'l Planning Agency,
   440 U.S. 391 (1979) .................................................................................................. 9

Lapinski v. Bd. of Ed. of the Brandywine Sch. Dist.,
    2004 U.S. LEXIS 1124 (D. Del. Jan. 29, 2004) .................................................................. 5

Lightfoot v. Union Carbine Corp.,
    110 F.3d 898 (2d Cir. 1997) ................................................................................................ 7

Lizzi v. WMATA,
    255 F.3d 128 (4th Cir. 2001) ............................................................................................. 10

Mergenthaler v. Asbestos Corp. of Am.,
    480 A.2d 647 (Del. 1984) ................................................................................................. 12

Morris v. WMATA,
    781 F.2d 218 (D.C. Cir. 1986) ............................................................................................ 9

Morse v. Lower Merion Sch. Dist.,
    132 F.3d 902 (3d Cir. 1997) ................................................................................................ 4

Nat'l R.R. Passenger Corp. v. Morgan,
    536 U.S. 101 (2002) ............................................................................................................ 7

Paci v. Rollins Leasing Corp.,
    1997 U.S. Dist. LEXIS 21018 (D. Del. Dec. 8, 1997) ....................................................... 5

Rizzo v. E.I. DuPont De Nemours & Co.,
    1989 Del. Super. LEXIS 450 (Del. Super. Oct. 31, 1989) .............................................. 12

Robinson v. Dalton,
    107 F.3d 1018 (3d Cir. 1997) .............................................................................................. 5

Rush v. Scott Specialty Gases, Inc.,
    113 F.3d 476 (3d Cir. 1997) ................................................................................................ 7

Sheridan v. DuPont,
    100 F.3d 1061 (3d Cir. 1996) .............................................................................................. 8

West v. Phila. Elec. Co.,
    45 F.3d 774 (3d Cir. 1995) .................................................................................................. 7

Withersoon v. Rent-A-Center, Inc.,
    173 F. Supp. 2d 239 (D.N.J. 2001) ................................................................................... 12

Wright v. ICI Americas Inc.,
    813 F. Supp. 1083 (D. Del. 1993) .................................................................................... 12

Statutes

10 Del. C. § 8119 ............................................................................................................ 12

17 Del. C. § 1701, et seq. ............................................................................................. 8, 9

28 U.S.C. § 1658 ............................................................................................................ 11

42 U.S.C. § 1981 ............................................................................................................ 10

42 U.S.C. § 1982(b) ....................................................................................................... 11

42 U.S.C. § 2000e-5(e) .................................................................................................... 6

WMATA Compact, pub. L. No. 89-774,
   § 80, 80 Stat. 1324 (1996) ....................................................................................... 10

DB01:1908056.1     051649.1014

## NATURE AND STAGE OF THE PROCEEDINGS

Ronald S. Riley ("Plaintiff" or "Riley") initially filed a complaint in C.A. No. 05-126-KAJ, on March 4, 2005, before even filing a Charge of Discrimination for his Title VII claims as mandated by law. He later agreed to withdraw his complaint until he had fulfilled his obligation to file administratively. Plaintiff later re-filed the <u>identical</u> complaint in the present action on October 25, 2005, without pleading that he had exhausted his administrative remedies, as required to state a claim under Title VII. The complaint also suffers from numerous other deficiencies which are fatal to his Title VII and other claims. Defendants have filed a Motion to Dismiss. This is Defendants' opening brief in support of that motion.

## STATEMENT OF FACTS

**Plaintiff Alleges Violation Of Title VII And § 1981 Based On A 2001 Job Change**

Although Plaintiff's complaint does not list the individual counts, it appears that he is claiming the following causes of action: (1) discrimination on the basis of race based on a failure to promote under Title VII; (2) hostile work environment based on race under Title VII; (3) violation of 42 U.S.C. § 1981 ("§ 1981") based on failure to promote; and (4) intentional infliction of emotional distress.

Essentially, Plaintiff claims that he is not being compensated adequately based on his responsibilities and performance. (D.I. 1, ¶11). He further alleges that he was not compensated fairly or promoted "due to the fact that he is an African American male." (D.I. 1, ¶13).

Plaintiff fails to identify a single relevant date in his complaint. Plaintiff states that only that "at all relevant times herein, [he] was employed by the Airport Safety Department as an Airport Operations Clerk with a pay grade of 'P'." (D.I. 1, ¶9).

According to Plaintiff's own description of the pertinent dates, as well as the Delaware River and Bay Authority's ("DRBA") employment records, Plaintiff has held the position for which he claims he is not being adequately compensated since 2001.  A-5.  He maintains that he should have been receiving more pay since January of 2002, when he was asked to develop a job description for the work he was doing.  A-5.  On April 28, 2003, the evaluation of his position was finalized, and he received a change in pay grade retroactive to February 1, 2003.  A-19.  He followed the internal grievance procedure regarding his compensation, which was completed in July of 2003.  A-1.  On August 25, 2003, Riley completed a "Complaints Statement of Events" form which, for the first time, stated that he believed race was a factor in his allegedly inadequate compensation.  A-20.  He contended in his statement that he should have received "retro pay" for fourteen months, rather than two.  He stated on the form that he had "no alternative but to file suit."  A-20.

On October 10, 2003, Riley's attorney, James Hall, sent a letter to Consuella Petty-Judkins, DRBA's Equal Employment Officer, requesting that "as an equal employment opportunity compliance officer, you investigate Ronald S. Riley's position and job responsibilities . . . to determine whether his level of compensation is appropriate for his various job duties."  A-7.

**Plaintiff Files Lawsuit Alleging Title VII Violations**
**Without First Filing With An Appropriate Administrative Agency**

On March 4, 2005, Plaintiff served his first complaint in C.A. No. 05-126-KAJ, without first filing a charge of discrimination with the appropriate administrative agency.  After consultation with Defendants' counsel, Plaintiff's counsel agreed to withdraw his complaint until he had exhausted his administrative remedies.  On

May 31, 2005, Plaintiff filed a Charge of Discrimination (the "Charge") with the Delaware Department of Labor ("DDOL"). A-8. The Charge identified "race" and "retaliation," and did not identify a "continuing action." On June 8, 2005, Plaintiff voluntarily dismissed the March 4, 2005, complaint.

On June 30, 2005, the DRBA received a "Preliminary Findings and Recommendations" from the DDOL, which indicated that it was dismissing the Charge and further noted that "[i]n this case . . . Charging Party has requested a Notice of Right To Sue without investigation. A-16. On August 8, 2005, the DRBA received a "Final Determination and Right to Sue Notice" from the DDOL. A-17.

There is no evidence that Plaintiff requested or received a federal Right-to-Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") despite the admonition contained in the DDOL's notice. In this regard, the DDOL's notice states: "If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC . . . ." A-18.

**Plaintiff Re-files Lawsuit Without Pleading Exhaustion Of Remedies Or Attaching A Notice Of Right To Sue From The EEOC**

On October 25, 2005, Plaintiff filed the complaint in the instant suit (the "Complaint"), which is identical to the complaint previously filed on March 4, 2005 (D.I. 1). Plaintiff did not plead exhaustion of administrative requirements, nor did he attach a federal Right to Sue Notice (D.I. 1).

## SUMMARY OF ARGUMENT

After withdrawing his first complaint due to a failure to exhaust administrative remedies, Plaintiff has now re-filed the same complaint, continuing to disregard the exhaustion requirements for filing a Title VII claim. Moreover, Plaintiff's Title VII allegations are time-barred. Plaintiff's remaining claims, § 1981 and intentional infliction of emotional distress, also fail to state a claim on their face, based on the applicable statute of limitations and other reasons discussed more fully below.

## ARGUMENT

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that the legal sufficiency of a complaint may be challenged by demonstrating the plaintiff's failure to state a claim upon which relief can be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss, the court accepts "as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," viewing them "in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Although a court will accept the Plaintiff's factual allegations as true, a motion to dismiss for failure to state a claim should be granted when "it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse, 132 F.3d at 906 (quoting D.P. Enter. Inc. v. Bucks County Cmty. Coll., 725 F.2d 943 (3d Cir. 1984)).

In particular, a court should not consider or regard as true "conclusory allegations of law, unsubstantiated conclusions, and/or unwarranted factual inferences." Morse, 132 F.3d at 906; see also Lapinski v. Bd. of Ed. of the Brandywine Sch. Dist.,

4

2004 U.S. LEXIS 1124, *8 (D. Del. Jan. 29 2004)[1] ("the court should not adopt conclusory allegations or statements of law."). Dismissal is also appropriate when the facts a plaintiff must prove in order to prevail on a claim are inconsistent with the factual allegations of the complaint. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (dismissal appropriate when "no relief could be granted under any set of facts that could be proved consistent with the allegations.").

## II.   PLAINTIFF'S TITLE VII CLAIM MUST BE DISMISSED

### A.   Plaintiff Failed To Exhaust His Administrative Remedies As Required By Title VII

A plaintiff must file a claim with the EEOC within a specified time period after the alleged violation and obtain a right-to-sue letter before bringing an employment discrimination claim under Title VII. Paci v. Rollins Leasing Corp., 1997 U.S. Dist. LEXIS 21018 at *15 (D. Del. Dec. 8, 1997); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994). A complaint alleging a Title VII violation does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution. Hornsby v. U.S. Postal Servs., 787 F.2d 87, 90 (3d Cir. 1986); Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

Plaintiff's complaint fails to allege that he has met the administrative filing requirements to bring a Title VII lawsuit, nor has he attached a Right-to-Sue letter from the EEOC, as required to bring his lawsuit in federal court. Therefore, the Court has no jurisdiction over Plaintiff's Title VII claim, or alternatively, Plaintiff has failed to state a claim, and it should be dismissed. See Robinson, 107 F.3d at 1022 (citing Hornsby, 787

---

[1] Copies of unreported decisions are attached.

F.2d at 89) (holding that a district court may rule on a Rule 12(b)(1) motion when on the face of the pleadings it is clear that administrative remedies have not been exhausted).

**B.     Plaintiff's Title VII Claim Is Barred By The Statute Of Limitations**

Assuming arguendo that Plaintiff received a Right-to-Sue letter from the EEOC and his pleadings could therefore be cured, Plaintiff's claim is still barred by the applicable statute of limitations. To pursue a Title VII claim, an individual has 300 days from the date of the discriminatory act to file a charge with the EEOC. 42 U.S.C. § 2000e-5(e). Absent allegation of a continuing violation, all discriminatory acts that are alleged to have occurred more than 300 days prior to the EEOC filing are time-barred. See Amtrak v. Morgan, 536 U.S. 101, 113 (2002). Plaintiff filed his charge on May 24, 2005; therefore, all incidents which occurred before **July 29, 2004**, are barred by the 300-day limitations period.

Plaintiff does not identify in his complaint a single date regarding the alleged discrimination. Defendants have summarized the relevant dates in the Statement of Facts above. Plaintiff claims that he should have been given retroactive pay back to January 2002 for the position his was serving. In April of 2003, the DRBA completed its review of Plaintiff's position and changed his pay grade retroactively as of February 1, 2003. A-19. In July of 2003, Riley completed the internal grievance process, claiming that he should have received retroactive pay for fourteen months, not two. Regardless of which event one considers as "triggering" a discrimination claim, it is clear that none of the relevant actions occurred after July 2004, which is required in order for Plaintiff's claims to be timely.

In order to recover for conduct outside the applicable statutory period, Riley must establish a "continuing violation."[2] To demonstrate a continuing violation, he must demonstrate that at least one discriminatory act occurred within the actual filing period and that the discrimination did not consist of "isolated, intermittent acts of discrimination," but instead of a "persistent, ongoing pattern." West v. Phila. Elec. Co., 45 F.3d 774, 754-55 (3d Cir. 1995); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002). It is clear in this case that no discriminatory act identified in the complaint occurred within the filing period.

It is well-settled that isolated, discrete acts of discrimination—even those with a continuing impact, will not constitute a continuing violation such as to toll the limitations period. See, e.g., Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 483-84 (3d Cir. 1997) (failure to promote and train claim addressed discrete instances of alleged discrimination that were not susceptible to continuing violation analysis); Lightfoot v. Union Carbine Corp., 110 F.3d 898, 907 (2d Cir. 1997) (employer's alleged failure to pay employee at appropriate salary level was not continuing violation where employee presented no evidence of discriminatory policy); Ryan v. Gen. Mach. Prods., 277 F. Supp. 2d 585, 292 (3d Cir. 2003) (holding that promotions are isolated, discrete incidents as to which the continuing violation theory rarely, if ever, applies); Morgan, 536 U.S. 101, 105 (2002) (holding that plaintiff's claims were time-barred as to each discrete act of termination, failure to promote, denial of transfer, or refusal to hire.).

The Third Circuit has further noted that "[w]hen the alleged actions of the defendant are of the type that should trigger "an employee's awareness of and duty to

---

[2] Riley's Charge of Discrimination, the relevant document for determining if the statutory deadline is met, does not identify a "continuing violation."  A-8.

7

assert his or her rights," then there is less likelihood that a continuing violation has occurred. Ryan, 277 F. Supp.2d at 592 (quoting Berry v. Bd. of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir. 1983)). In this case, Riley was clearly aware of the alleged wrong, at the very latest in July 2003, when he informed the DRBA management that he had "no alternative but to file suit." A-20. No later than October 3, 2003, he had retained an attorney to represent him with regard to his wage and racial discrimination concerns. A-7. He was clearly aware of his rights and retained counsel to preserve them. And yet, he failed to file a claim with the EEOC to preserve his rights until May 25, 2004. Plaintiff should not be permitted to sit on his rights and evade the statutory requirements in this manner. Under any theory of discrimination, it is simply too late to assert a claim based the facts raised in the complaint.

C. **Individual Defendants Are Not Liable Under Title VII**

Congress did not intend to hold individual employees liable under Title VII. Sheridan v. DuPont, 100 F.3d 1061, 1078 (3d Cir. 1996). "Because the only proper defendant in a Title VII case is the 'employer,' pursuing such claims against the individuals in their official capacities would be redundant." Foxworth v. Pa. State Police, 2005 U.S. Dist. LEXIS 6169 at *13 (3d Cir. Apr. 12, 2005). Therefore, the individual defendants should be terminated as parties to the Title VII claim.

III. **PLAINTIFF'S § 1981 CLAIM MUST BE DISMISSED**

A. **Defendant DRBA Is Immune From § 1981 Claims Based On 11th Amendment Sovereign Immunity**

The DRBA was created by an interstate compact between Delaware and New Jersey (the "Compact"). 17 Del. C. § 1701, et seq. The Compact states that the DRBA "shall constitute an agency of government of the State of Delaware and the State

of New Jersey" for various general purposes and "shall be deemed to be exercising essential government functions in effectuating such purposes." 17 Del. C. § 1701 at Article IV. Thus, the plain language of the statute indicates that the DRBA operates as an arm of both state governments.

Article VIII of the Compact further provides that "<u>no additional duties or obligations shall be undertaken by the authority under the law of either State or of Congress without authorization by the law of both States</u>." (emphasis added).

The states of New Jersey and Delaware are subject to the protections of the Eleventh Amendment, which provides that "an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." U.S. Const. amend. XI. Agencies exercising state power have also been permitted to invoke Eleventh Amendment immunity. See <u>Morris v. WMATA</u>, 781 F.2d 218, 223 (D.C. Cir. 1986) (quoting <u>Lake Country Estates v. Tahoe Reg'l Planning Agency</u>, 440 U.S. 391, 400-01 (1979)).

As an agency of both New Jersey and Delaware, the DRBA is entitled to Eleventh Amendment immunity. Nothing in the Compact, or in the state laws of New Jersey or Delaware, suggests that the DRBA intended to waive its immunity. The Compact requires that, in order for the DRBA to incur any additional obligations not specified therein, such a duty must be "authorized by the law of both states." 17 Del. C. § 1701 at Article VII. No such authorization has occurred, and the Compact is silent on the issue of immunity; therefore, nothing indicates that either state intended to waive its immunity upon entering into the Compact.

The Washington Metropolitan Area Transit Authority ("WMATA") was created by a similar interstate compact between the states of Maryland and Virginia and the District of Columbia. Courts have consistently held that WMATA is a state agency and protected by the Eleventh Amendment. See, e.g., Lizzi v. WMATA, 255 F.3d 128, 132 (4th Cir. 2001) (holding the WMATA is a "state agency, subject to all the benefits and liabilities of a state itself," and noting that "[i]t does not matter that WMATA was created by interstate compact, as opposed to being an agency of one state alone."). The D.C. Circuit Court of Appeals stated that "[w]e have consistently recognized that in signing the WMATA Compact, Virginia and Maryland each conferred its immunity upon WMATA, which therefore enjoys, to the same extent of each state, immunity from suit in federal court based on its performance of governmental functions." Jones v. WMATA, 205 F.3d 428, 432 (D.C. Cir. 2000) (vacating an award of compensatory and liquidated damages against WMATA based on an ADEA claim). Id.[3] Similarly, there is nothing in the DRBA Compact to suggest that the states of Delaware and New Jersey, as signatories to the Compact, did not intend to confer their immunity on the DRBA. For the foregoing reasons, DRBA is immune from § 1981 claims.

**B.     Plaintiff's § 1981 Claim Is Time-Barred**

Plaintiff has asserted a cause of action under 42 U.S.C. § 1981, which provides that "all persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as enjoyed by white citizens." Like many federal statutes,

---

[3] The DRBA Compact leaves even less room for argument that the participating states intended to waive their sovereign immunity. The DRBA's Compact states that "it shall be deemed to be exercising essential government functions," while the WMATA Compact provides that "the Authority shall be liable for its contracts and for its torts." See Jones, 205 F.3d at 432 (citing WMATA Compact, Pub. L. No. 89-774, § 80, 80 Stat. 1324, 1350 (1996)).

DB01:1908056.1                                                                                                                       051649.1014

§ 1981 does not contain a statute of limitations.  The U.S. Supreme Court has held that federal courts should apply "the most appropriate or analogous state statute of limitations" to § 1981 claims.  Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (U.S. 1987).  This Court has held that the "most analogous" state statute of limitations is the two-year statute of limitations for personal injuries contained in 10 Del. C. § 8119.  See Berry v. E.I. DuPont de Nemours & Co., 625 F. Supp. 1364 (D. Del. 1985).

In 1990, Congress enacted a catchall four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990.  See 28 U.S.C. § 1658.  In 1991, Congress amended § 1981 by adding a definition of "make and enforce contracts," which included the "termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1982(b).

In order to determine the applicable statute of limitations under § 1981, one must therefore determine whether the cause of action was actionable under the original § 1981 act (two-year statute of limitations) or only became actionable with the 1991 amendments (four-year statute of limitations).  See Jones v. Donnelley & Sons Co., 541 U.S. 369 (2004).  Riley's claims, which involve the DRBA's failure to establish the desired contractual relationship with him, would be actionable under the original statute, and therefore are governed by the two-year statute of limitations.  As discussed above, Plaintiff's cause of action accrued as early as January of 2002, and no later than July of 2003.  Plaintiff's § 1981 claim is, therefore, untimely.

## IV. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM MUST BE DISMISSED

### A. Plaintiff's Intentional Infliction of Emotional Distress Claim Is Time-Barred

Plaintiff has included a claim of intentional infliction of emotional distress ("IIED". Emotional injuries are "personal injuries" for statute of limitation purposes, and therefore a two-year statute of limitations applies. See 10 Del. C. § 8119; Wright v. ICI Americas Inc., 813 F. Supp. 1083 (D. Del. 1993). Plaintiff must have suffered his "injuries" on or after October 25, 2003, to avoid the statute of limitations for his IIED claim in the instant suit. As discussed above, all of Plaintiff's "injuries" occurred well before this date, accruing no later than July 2003. Therefore, Plaintiff's IIED claim of must be dismissed based on it being untimely.

### B. Plaintiff Fails To Allege Conduct Sufficient To State An IIED Claim

An IIED claimant must show both "extreme and outrageous behavior," as well as a physical injury to sustain an IIED claim in Delaware. See Rizzo v. E.I. DuPont De Nemours & Co., 1989 Del. Super. LEXIS 450 at **9-10 (Del. Super. Oct. 31, 1989) (citing Mergenthaler v. Asbestos Corp. of Am., 480 A.2d 647, 651 (Del. 1984)). Plaintiff has not alleged any "extreme and outrageous behavior" by Defendants, nor has he alleged any physical injury; therefore his IIED claim must be dismissed.[4]

---

[4] New Jersey courts do not appear to require a physical injury to state an IIED claim. However, New Jersey law, like Delaware, requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See Buckley v. Trenton Saving Fund Soc., 544 A.2d 857, 863 (N.J. 1988). New Jersey's courts have consistently recognized that it is "particularly difficult to establish [IIED] in the employment context" and routinely find that IIED claims in this context fail to state a claim as a matter of law. See Witherson v. Rent-A-Center, Inc., 173 F. Supp. 2d 239, 242 (D.N.J. 2001).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's complaint be dismissed in its entirety.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ William W. Bowser
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD S. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-746-KAJ |
| | ) | |
| THE DELAWARE RIVER AND BAY | ) | Related Case |
| AUTHORITY, JAMES JOHNSON, | ) | C.A. No. 05-126-KAJ |
| Individually, JAMES WALLS, Individually, | ) | |
| TRUDY SPENCE-PARKER, Individually, | ) | |
| and CONSUELLA PETTY-JUDKINS, | ) | |
| Individually. | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, William W. Bowser, Esquire, hereby certify that on November 28, 2005, I electronically filed a true and correct copy of the foregoing **Defendants' Opening Brief in Support of Their Motion to Dismiss** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

James P. Hall, Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

YOUNG CONWAY STARGATT & TAYLOR LLP

/s/ William W. Bowser
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants