IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD S. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-746-KAJ |
| | ) | |
| THE DELAWARE RIVER AND BAY | ) | Related Case |
| AUTHORITY, JAMES JOHNSON, | ) | C.A. NO. 05-126-KAJ |
| Individually, JAMES WALLS, Individually, | ) | |
| TRUDY SPENCE-PARKER, Individually, | ) | |
| and CONSUELLA PETTY-JUDKINS, | ) | |
| Individually. | ) | |
| | ) | |
| Defendants. | ) | |

**APPENDIX TO DEFENDANTS' OPENING BRIEF IN
SUPPORT OF THEIR MOTION TO DISMISS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants

DATED:      November 28, 2005

051649 1014

**TABLE OF CONTENTS**

PAGE

Johnson 07/07/03 Memorandum to Riley ............................................................... A-1

Hall 10/10/03 Letter to Petty-Judkins ............................................................... A-7

Charge of Discrimination ............................................................... A-8

Preliminary Findings and Recommendations ............................................................... A-16

Final Determination and Right To Sue Notice ............................................................... A-17

Murphy 04/28/03 Memorandum to Riley ............................................................... A-18

Complaints Statement of Events ............................................................... A-20



# THE DELAWARE RIVER AND BAY AUTHORITY

DELAWARE MEMORIAL BRIDGE
AIRPORTS DIVISION

Post Office Box 71
New Castle, DE 19720
302.571.6301
Fax: 302.571.6305

CAPE MAY-LEWES FERRY
THREE FORTS FERRY OPERATION

### OFFICE OF THE EXECUTIVE DIRECTOR

## MEMORANDUM

**TO:**       Mr. Ronald S. Riley
             Operations Clerk

**FROM:**    James T. Johnson, Jr., P.E.
             Executive Director

**DATE:**     July 7, 2003

**SUBJECT:** Step 3 Grievance Decision

---

## BACKGROUND
On June 30, 2003, we held a Step 3 conference to discuss the aspects of your grievance. The following persons were in attendance at this conference: Mr. Ron Riley, Ms. Trudy Spence-Parker, Mr. Rocco Tomanelli, Mr. Jim Walls, and myself.

Documentation surrounding the grievance included multiple pieces of correspondence: an undated 2 page document that was prepared by you for the Step 1 grievance proceedings, Mr. Frank Shahan's June 5, 2003 memorandum that stated denial of the Step 1 grievance, a June 9, 2003 memorandum to you from Mr. Rocco Tomanelli that initiated Step 2, Mr. Tomanelli's memorandum dated June 16, 2003 that stated denial of the Step 2 grievance, a June 16, 2003 memorandum from yourself to me that requested a Step 3 grievance proceeding, and my June 19, 2003 memorandum to you initiating the Step 3 proceeding.

A-1

D90

# Memo

DRBA
HUMAN RESOURCES DEPT.

2003 JUN · ʰ  ʌ 11: 29

| | |
|---|---|
| **To:** | Director of Human Resources |
| **From:** | Director of Airport Operations |
| **Date:** | 6 June 2003 |
| **Subject:** | **Grievance ICO Ron Riley-NCA Airport Operations Clerk dtd 5 June 2003** |

1. Attached Grievance received 6 June 2003. Request guidance HR process to be followed in response to Mr. Riley's complaint

Cc:      J. Walls
         L. Murphy

A-2

**D91**



DRBA
HUMAN RESOURCES DEPT.

2003 JUN 6  A 11: 29

## THE DELAWARE RIVER AND BAY AUTHORITY

DELAWARE MEMORIAL BRIDGE
AIRPORTS DIVISION

Post Office Box 71
New Castle, DE 19720
302.571.6474
Fax: 302.571.6367

CAPE MAY-LEWES FERRY
THREE FORTS FERRY OPERATION

AIRPORTS ADMINISTRATION

# MEMO

Date June 5, 2003

To. Ron Riley

From  Frank Shahan

Subj. Response to your Step # 1 Grievance Received This Afternoon concerning Pay
Grade Adjustment and Retroactive Pay

While I appreciate your performance in your role as Airport Operations Clerk, I cannot
render a decision on your request other then to remind you of your right to continue your
grievance process  Accordingly, your grievance is denied at Step # 1

c c  Rocco Tomanelli, Airports Director

**A-3**

**D92**

DRBA
HUMAN RESOURCES DEPT.

2003 JUN ·6  A II: 29

TO:             Rocco Tomanelli
                Director of Airports

FROM:           Ronald S. Riley
                Operations Clerk

DATE:           June 5, 2003

REFERENCE:      Step #2 Grievance (Pay Grade Adjustment / Retropay – Operations Clerk)

The attached letter is to serve as step #2 of grievance procedure concerning the Pay Grade Adjustment / Retropay for my current position of Operations Clerk.

**D93**

A-4

FACTS:

This process started in the fall of 2001, when I was assigned to the Airports Division after a on the job truck accident. During this time the "911" tragedy happened and the Operations Department had to make security changes within the department. One of the main changes was the installation and management of the computerized I.D. badging system. With this system I have to put every individual having access to the air operations area in the I.D. badging system for accountability. During a department meeting, I asked if I could do the badging alone, because information was not being put in the computer correctly. No one in the room objected, so I took the task of being the individual with the responsibility of inputting the data into the computer, along with the filing and updating of files. During this time management concurred that badging and monitoring of people on the airfield was critical and I was to be solely responsible.

In January 02', I was asked to develop a job description of the work I do. I worked diligently on creating a job description with no help from supervision. This was a task that management should have performed and performed in a timely manner (2-3 months at the most). I utilized my leadership skills and diligence, by taking the initiative to complete the job description. As you will see throughout this note, I made numerous contacts with various personnel in management positions regarding this matter. I continuously get the run around or my calls or emails are not answered.

Several months passed before I discussed my job description with Jeff Lewis. He reviewed it over and recommended that I review it with Rocco. I took my job description to Rocco in August '02. Rocco told me to talk with Joe Clemente, who at that time was the Assistant Airport Operations Manager. On August 7, 2002, Joe Clemente, told me that Human Resources had the job description. Then on August 8, 2002, Joe Clemente told me, I would have my job description approved by August 16, 2002. That date came and went with no closure insight. Three months went by and I still did my job in a professional manner.

On December 4, 2002, Rocco Tomanelli, Airport Director told me Linda Murphy had the job description. On December 9, 2002, I spoke with Linda Murphy and she said, she received the job description from Rocco, but has not looked it over, yet! I called Linda Murphy back on Dec. 19, 2002 at 2pm, I was told she was not in the office at that time. So, I called Jim Johnson's secretary Micki to see if I could speak with the Jim Johnson, Executive Director of the D.R.B.A. Micki put me on hold and after a few minutes, she said, "Jim said work it out between Rocco and yourself"! Then on January 8, 2003, Rocco said he was going to see Linda Murphy again regarding my job description. On January 10, 2003, I was told by Rocco that he would see Linda again regarding the job description. January 16, 2003, Rocco informed me that he wanted to sit down and talk about my duties at the Airport. All this time has passed I still do not have a job description, but I continue to do my job in a professional manner.

On February 26,2003, Rocco informs me Linda is sending over a copy of the job description (FINALIZED)!! March 13,2003, I met with the new Chief of Human Resources, Trudy Parker-Spence about the outcome and retroactive pay. I have e-mailed her on numerous occasions (May 27th, May 28th and May 29th) with no response. While this process has gone on for over a year, I have done my job and beyond. Due to no fault of my own, I feel as if I'm being penalized because of managements' lack of effort to do their job, which was to follow this process through in a timely manner! I have far more responsibility than before and I only received a 5% raise and two months retroactive pay!! As a maintenance tech, I had little or no responsibilities, but as an Operation Clerk, I'm the liaison between the corporations, tenants and visitors. My responsibilities have greatly changed and it does not reflect in my pay.

To RECTIFY:

The creation of my job is the result of the variety of work I have performed for more than a year, not from a study, estimation or opinion – actual work done for the entire period of my

D94

assignment. I feel I am entitled to retro pay back to February '02, since I performed the job duties that are listed in the finalized job description from that period. I do not feel that the 5% raise is fair compensation for the job that I do and responsibilities that I have. Therefore, I am requesting that a member of Human Resources share the Hay Study results and the job comparisons to me, as I'm not completely satisfied with the outcome.

# PHILLIPS, GOLDMAN & SPENCE, P. A.

ATTORNEYS AT LAW

PENNSYLVANIA AVE AND BROOM ST

1200 N BROOM STREET

WILMINGTON DELAWARE 19806

(302) 655-4200

TELECOPIER: (302) 655-4210

JOHN C PHILLIPS JR
STEPHEN W SPENCE
ROBERT S GOLDMAN
LISA C McLAUGHLIN
JAMES P HALL
MICHAEL F DUGGAN
JOSEPH J FARNAN II
THOMAS J FRANCELLA JR

October 10, 2003

Consuella Petty-Judkins
Delaware River and Bay Authority
151 North DuPont Highway
New Castle, DE 19720

   RE: Ronald Riley
     <u>Our File: RILRO-2</u>

Dear Ms Petty-Judkins:

  Please be advised that I represent Ronald Riley who is employed with the Delaware River and Bay Authority. Mr. Riley is employed in the operations department of the Delaware River and Bay Authority. Despite the fact that Mr. Riley's job functions exceed that of an operations officer, he has not been compensated for his level of performance and/or his responsibilities. I would request that as an equal employment opportunity compliance officer, you investigate Mr. Riley's position and job responsibilities with DRBA to determine whether his level of compensation is appropriate for his various job duties. Thank you for your attention to this matter.

      Very truly yours,

      JAMES P. HALL

JPH/dm

cc: Ronald Riley

**D81**

**A-7**

06/10/2005 10:24 FAX 3025716420          DRBA HUMAN RESOURCES                    ☑004

<table>
<tr><td colspan="2"><b>CHARGE OF DISCRIMINATION</b><br><br>This form is affected by the Privacy Act of 1974</td><td colspan="2"><b>ENTER CHARGE NUMBER</b><br><br>☐ FEPA  CD5022W<br>☐ EEOC  17CA500379</td></tr>
<tr><td colspan="2"><b>Delaware Department of Labor</b></td><td colspan="2">and EEOC (if applicable)</td></tr>
<tr><td colspan="2"><b>NAME</b> (Indicate Mr., Mrs., Ms)<br>Ronald Riley</td><td colspan="2"><b>HOME TELEPHONE NO.</b> (Include Area Code)<br>(302) 229-3205,302 326-3695</td></tr>
<tr><td colspan="2"><b>STREET ADDRESS</b>          <b>CITY, STATE AND ZIP CODE</b><br>813 North Clayton Street   Wilmington DE 19805</td><td colspan="2"><b>COUNTY</b><br>NCC</td></tr>
<tr><td colspan="4"><b>NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME</b> (If more than one, list below.)</td></tr>
<tr><td><b>NAME</b><br>Delaware River & Bay Authority</td><td><b>NO. OF EMPLOYEES OR MEMBERS</b> 400+</td><td colspan="2"><b>TELEPHONE NUMBER</b> (Incl. Area Code)<br>(302) 571-6300</td></tr>
<tr><td colspan="4"><b>STREET ADDRESS</b>          <b>CITY, STATE AND ZIP CODE</b><br>P.O. Box 71, New Castle, DE 19720</td></tr>
<tr><td colspan="2"><b>NAME</b></td><td colspan="2"><b>TELEPHONE NUMBER</b> (Include Area Code)</td></tr>
<tr><td colspan="4"><b>STREET ADDRESS</b>                    <b>CITY, STATE AND ZIP CODE</b></td></tr>
<tr><td colspan="2">☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE<br><br>☒ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)</td><td colspan="2"><b>DATE DISCRIMINATION TOOK PLACE</b><br><b>EARLIEST</b>  6/15/2003<br><b>LATEST</b>  5/16/2005<br>☐ CONTINUING ACTION</td></tr>
</table>

**THE PARTICULARS** ARE (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party employed at Respondent's Delaware facility since 04/29/96 as a Operations Clerk.

Charging Party's protected class: Race, Retaliation.

Adverse employment action: Terms and condition, Wages, denied promotion, harassment.

Brief statement of allegations: Charging Party states that he was discriminated against based on race and retaliation when after he filed an internal complaint about his salary and hostile work environment, he was retaliated against when he suffered further disparate actions from the Respondent. Specifically, Charging Party states that the Respondent did not address various forms of harassment by his co workers. More so, Charging party's complaints to managers (Joe Bryant) and (Alex Coles) about co worker( Jack Cawmans') action of falsely accusing Charging Party of wrong doing were not addressed. Additionally Charging Party's Complaints about co- workers (Vicki Keatis), (Donna McAuliffe) and others regarding his alleged lack of qualifications for compensation for voluntary job assignment were also not addressed, Charging Party further alleges that he has been discriminated against based on race in that he has received less wages then his similarly situated co-workers for the same job duties. In conclusion, Charging Party States that the Respondent demonstrates a pattern a practice of paying African American workers less then white workers.

Respondent's explanation: N/A

Applicable law(s): Title VII Of The Civil Rights Act Of 1964, As Amended and The Delaware Discrimination in Emploment Act

Comparator(s) or other specific reason(s) for alleging discrimination:

Additional information and verification of these facts are provided by the attached Verification.

<table>
<tr><td>☒</td><td>I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.</td><td><b>SIGNATURE OF COMPLAINANT</b><br><br><i>Ronald Riley</i>        5/24/05<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.</td></tr>
</table>

DDOL FORM B-05       PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED
REV 01-05

## VERIFICATION
Pursuant to Title 19 <u>Del. C.</u> § 712(c)(1)

State of Delaware       )
              ) ss:
_NewCastle_ County      )

I, _Ronald Riley_, swear or affirm that I have read the Charge of Discrimination and that it is true to the best of my knowledge, information and belief.

I further agree to advise the agencies involved if I change my address or telephone number, and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

In addition to the facts set forth in the Charge of Discrimination, I hereby aver the following: (optional; do not include witness information)



_No Further Information_

_____
Charging Party's Verification Signature

**SWORN TO AND SUBSCRIBED** before me this _24_ day of _May_, 2005.

_____
Notary Public/Attorney at Law

THOMAS J. SMITH
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires __1/26/07__



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

May 31, 2005

Personnel Manager
**Delaware River & Bay Authority**
P.O. Box 71
New Castle, DE 19720

RE:    **Riley v. Delaware River & Bay Authority, Case No: 05050224W/17CA500379**

Dear Respondent:

Enclosed please find a NOTICE OF CHARGE OF DISCRIMINATION, along with the following documents:

      1.     Verified Charge of Discrimination filed against the above-named Respondent;
      2.     Mediation questionnaire;
      3.     Copy of 19 Del. Code § 712 (c), describing the administrative process.

Pursuant to 19 Del. Code § 712 (c), the named Respondent has an opportunity at this time to "file an answer **within twenty (20) days of the receipt of the Charge of Discrimination**, certifying that a copy of the answer was mailed to the Charging Party at the address provided." **If you are interested in mediation, you do not need to file an answer at this time. If you elect this option you must check the appropriate provision of the enclosed Invitation to Engage in Mediation form and return it to us in lieu of your answer.**

This Charge of Discrimination has been filed under the following law(s), and as indicated by the case numbers referenced above.

    ☒ Title VII              ☒ DE Discrimination in Employment Act
    ☐ ADA                ☐ DE Handicapped Persons Employment Protection Act
    ☐ ADEA

We anticipate your full cooperation. If you intend to retain legal representation at any time throughout this process, please have your attorney enter his or her appearance so that future contact will be made through him or her.

*Julie Cutler*

Julie Cutler, Administrator,
Discrimination Program

cc: Charging Party (w/o enclosures)

DOL Form C-9W : 8/04

**A-10**

06/10/2005 10:23 FAX 3025716420          DRBA HUMAN RESOURCES                    ☒003



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**                    21 South 5ᵗʰ Street, Suite 400
                                                    Philadelphia, PA 19106-2515
                                                    (215) 440-2600
                                                    TTY (215) 440-2610
                                                    FAX (215) 440-2847, 2632 & 2848

EEOC Charge Number _____ 17CA500379 _____ DDOL Charge Number _ 05050224W _

### NOTICE OF CHARGE OF DISCRIMINATION

You are hereby notified that the above-referenced charge of employment discrimination has been received by the Labor Law Enforcement Section of the Delaware Dept. of Labor (DDOL) and sent to the EEOC for dual-filing purposes. This Notice is being sent to you by the DDOL, on behalf of EEOC, simultaneously with DDOL's notification to you of the filing of the charge with DDOL. The charge has been assigned the EEOC and DDOL charge numbers shown above. A copy of the charge is included with these Notices.

While EEOC has jurisdiction (upon the expiration of any 60-day deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of DDOL's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that there has been a violation of the statute(s) administered by EEOC.

You are therefore urged to cooperate fully with the DDOL. All facts and evidence provided by you to the DDOL in the course of its proceedings will be considered by EEOC when it reviews the DDOL's final findings and orders. In many instances the EEOC will take no further action, thereby avoiding the necessity of an investigation by both the DDOL and the EEOC. This likelihood is increased by your full cooperation with the DDOL.

As a party to the charge, you may request that EEOC review the DDOL's final decision and order. For such a request to be honored, you must notify the EEOC in writing within of 15 days of your receipt of DDOL's final closure notification. Such a request should be forwarded to EEOC at the address shown in the letterhead above, to the attention of the State and Local Unit. If the DDOL terminates its processing without issuing a final finding and order or the charge is otherwise one which requires further EEOC processing, you will be contacted further by EEOC. Regardless of whether the DDOL or EEOC process the charge, the Recordkeeping and non-retaliation provisions of Title VII, the ADA and the ADEA as explained in the "EEOC Rules and Regulations" apply.


_____ 5·31·05 _____
**Date**

_Marie M. Tomasso_

**Marie M. Tomasso, District Director**

*The Department of Labor Discrimination Program provides the following excerpt from*
*19 Del. C. § 710, et seq. as a detailed description of the administrative process. If you need*
*legal advice, please seek your own independent legal counsel.*

### § 712 Enforcement provisions; powers of the Department; administrative process.

(c) The administrative process requires the following:

(1) Statute of limitation and filing procedure. Any person claiming to be aggrieved by a violation of this chapter shall first file a Charge of Discrimination within 120 days of the alleged unlawful employment practice or its discovery, setting forth a concise statement of facts, in writing, verified and signed by the Charging Party. The Department shall serve a copy of the verified Charge of Discrimination upon the named Respondent by certified mail. The Respondent may file an answer within twenty (20) days of its receipt, certifying that a copy of the answer was mailed to the Charging Party at the address provided.

(2) Preliminary findings and recommendations. The Department shall review the submissions within sixty (60) days from the date of service upon the Respondent and issue preliminary findings with recommendations. The preliminary findings may recommend: (i) dismissing the Charge unless additional information is received which warrants further investigation; (ii) referring the case for mediation requiring the parties' appearance; or (iii) referring the case for investigation.

(3) Final determinations upon completion of investigation. After investigation, the Department shall issue a Determination of either "Reasonable Cause" or "No Reasonable Cause" to believe that a violation has occurred or is occurring. All cases resulting in a "Reasonable Cause" Determination will require the parties to appear for compulsory conciliation. All cases resulting in a "No Cause" Determination will receive a corresponding Delaware Right to Sue Letter.

(4) Confidentiality of the Department's process. The Department shall not make public the charge of discrimination or information obtained during the investigation of a charge. This provision does not apply to disclosures made to the parties, their counsel, or witnesses where disclosure is deemed necessary or appropriate. Nothing said or done during and as a part of the mediation or conciliation efforts may be made public by the Department, its officers or employees or used by any party as evidence in a subsequent proceeding without the written consent of the persons concerned.

(5) End of administrative process. In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process. Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party.



STATE OF DELAWARE DEPARTMENT OF LABOR
### DIVISION OF INDUSTRIAL AFFAIRS
MEDIATION DEPARTMENT
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(303) 761-8316/ FAX: (302) 761-6601

# DDOL Institutes New Mediation Program
## Voluntary Mediation of Charges Offered by DDOL

*The DDOL has experienced an increase in the number of charges of employment discrimination filed under the Discrimination In Employment Act and the Handicapped Persons Employment Protection Act. This has, as you might expect, resulted in an increase in the number of cases awaiting investigation and an increase in the length of time each case takes to reach completion.*

*Every case filed with the DDOL Division of Industrial Affairs concerns an employment related dispute between an applicant or employee on one side and an employer, a union, or referral agency on the other. Many of these disputes could be resolved to the satisfaction of the disputants if they could be addressed in a neutral setting closer in time to the point of conflict.*

*The DDOL is authorized to resolve all charges of discrimination arising within its jurisdiction. Mediation offers many advantages to the participants, including:*

- **Voluntary participation** -- *The only cases that will be mediated are those in which both the charging party and the respondent agree to try to resolve their dispute through mediation.*

- **Use of trained and experienced mediators** - *All of the mediators used in the program are trained and experienced in use of interest based facilitative mediation to resolve employment related disputes.*

- **Confidentiality** - *The mediator will treat all information revealed during the mediation with the strictest confidence. The mediator will transmit none of the information developed during the mediation to the DDOL at anytime during or after the mediation, despite the outcome.*

- ***Disputants control outcome*** - *The charging party and the respondent have complete control in determining the outcome of the mediation. The role of the mediator is to serve as a third party neutral facilitator. The mediator can neither impose a settlement nor, make judgements about the facts or merits of the case on either side.*

- ***High probability of settlement*** - *Programs similar to the DDOL mediation program experience a sixty to sixty-five percent rate of resolution.*

- ***Reduction in litigation and other expenses*** - *Because of the high success rate associated with mediation, cases are resolved early in the process thereby eliminating or reducing expenses associated with responding to an investigation. Litigation expenses are completely avoided.*

*Participation in mediation is completely voluntary. The parties may withdraw anytime without a penalty. While it is not required, the parties have the right to retain the services of an attorney during mediation. Each side also has the right to a reasonable amount of time to review any settlement agreement before signing it. If mediation is not successful in resolving the dispute, the case is returned to the DDOL for investigation. All information submitted to the mediator is considered confidential and will not be revealed by the mediator to a DDOL Investigator, or to anyone else in any proceeding following an unsuccessful attempt to resolve the case through mediation.*

*For more information regarding our mediation program please contact **Eugene Weaver, Mediation Director, at (302) 761-8316.***



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
MEDIATION DEPARTMENT
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8316/ FAX: (302) 761-6601

---

**Riley v. Delaware River & Bay Authority**          **05050224W / 17CA500379**
Case Name and Charge Number

## INFORMATION ON DEPARTMENT OF LABOR'S MEDIATION PROGRAM

**The Delaware Department of Labor (DDOL) voluntary mediation program.** As explained in the attached information sheet, the DDOL is making available to respondents and charging parties an alternative to investigation and possible litigation of charges filed with this office. If you or your representative would like to engage in an effort to mediate this charge please provide the information requested below and return this letter <u>within ten (10) days to</u>:

        Ms. Julie Cutler
        Administrator
        DDOL, Division of Industrial Affairs
        4425 North Market Street
        Wilmington, Delaware 19802

        (FAX number 302-761-6601)

**If you agree to attempt mediation it is not necessary to respond to the charge or to the request for information.** If you choose not to take advantage of the invitation to mediate, the charge will be assigned to an investigator for usual DDOL processing and you should **respond to any attached requests for information or action by the date specified.** If you would like more information regarding DDOL's mediation program you may call our Mediation Director, Eugene Weaver at **(302) 761-8316.**

---

Name (please type or print)                                    Date

---

Title

---

Telephone Number

---

Fax Number                              E-mail Address

DOL Form B-07.R.W : 04/05

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM



Mr. Ronald Riley
813 N. Clayton Street
Wilmington, DE 19805

State Case No. – 05050224W

vs

Delaware River & Bay Authority
P.O. Box 71
New Castle, DE 19720

### PRELIMINARY FINDINGS AND RECOMMENDATIONS

Pursuant to 19 Del. C. § 712 (c) (2), the parties in the above-captioned matter are hereby Noticed of the Department's Preliminary Findings and Recommendations

1. The Charge of Discrimination was filed and served upon the Respondent.

2. The Respondent did not file an answer. If an answer was filed, a copy was served upon the Charging Party.

3. Based upon the preliminary submissions referenced above, the Department recommends the following action:

    ☒    Dismissing the Charge unless additional information is received by July 20, 2005 and which would warrant further investigation.

    In this case of discrimination, Charging Party has requested a Notice of Right to Sue without investigation.

Thank you for your cooperation throughout this administrative process.

On behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program,

*Julie Cutler*

__6/30/05__
Date

Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-11 : 05/05

A-16



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

Mr. Ronald Riley                                          State Case No. – 05050224W
813 N. Clayton Street
Wilmington, DE 19805

vs.

Delaware River & Bay Authority
P.O. Box 71
New Castle, DE 19720

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

#### *Administrative Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has determined that there is no further benefit which can be provided to the parties under the administrative process. The Department hereby issues this Administrative Dismissal to signal the end of the administrative process without a specific finding. This Administrative Dismissal also provides the Charging Party with a Delaware Right to Sue Notice.

This administrative dismissal is based upon 19 Del. C. § 712 (c) (5) which states: "End of administrative process. In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process. Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party."

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program. You may have additional rights under federal laws.

_7/29/05_
Date issued

_Julie K. Cutler_
Julie K. Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-12A : 05/05

### NOTICE OF DELAWARE RIGHTS

*The Department of Labor Discrimination Program provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)      A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)      The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)      The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

### NOTICE OF FEDERAL RIGHTS

1.      If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.      If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.      Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

DOL Form C-13 : 8/04

### A-18



# THE DELAWARE RIVER AND BAY AUTHORITY

DELAWARE MEMORIAL BRIDGE
AIRPORTS DIVISION

Post Office Box 71
New Castle, DE 19720
302.571.6438
Fax: 302.571.6420

CAPE MAY - LEWES FERRY
THREE FORTS FERRY OPERATION

## DEPARTMENT OF HUMAN RESOURCES

April 28, 2003

To:         Ronald Riley
            Operations Clerk - Airports

From:       Linda H. Murphy
            Director of Human Resources

Subject:    Position Evaluation / Job Title Change

An evaluation of the position of Operations Clerk-Airports was recently completed by the Hay Group. This evaluation included a review of the job description and a review of the Position Description Questionnaire (PDQ) completed by you and your supervisor.

The results of the position evaluation and grade recommendation have been received. Based upon all of the documentation and information provided, Grade P has been determined to be the appropriate grade for the position of Operations Clerk - Airports. Your salary will be adjusted to reflect the movement to Grade P effective March 1, 2003. The authorization reflecting this change is enclosed.

Please contact me if you have any questions.

cc:    R. Tomanelli

A-19

D118

♲ Printed on Recycled Paper

## Complaints Statement of Events

Name: _Ron Riley_     Date: _Aug 25th 2003_

Title: _Operations Clerk_ Length of Service: ___7___

### What is the nature of the complaint (check all the apply)

Sex discrimination_____ Race _X_ Gender_____ Disability_____ Religion _Baptist_

Age _(n/a)_ Ethnicity_____ Sexual Orientation _/n/a_ Other (Please specify)_____

1.  **Exactly what occurred?** _I Know I'm not compensated_
_Enough for the Job /Jobs (I'm Doing) Not_
_only am I Doing what Job Description says_
_But also Does supervisor task. Example:_
_Coordinating overtime, etc !!_

_Ronald Riley_   _8/25/03_

D84

# INTERVIEW INVESTIGATION FORM

**Complaint:** <u>Ron Riley</u>          **Title:** <u>Operations Clerk</u>          **Date:** <u>August 25, 2003</u>

**Location:** <u>New Castle Airport</u>                    **Length of Service:** <u>7 years</u>

**Referral(s):** <u>Sam Lathem & Governor Minner</u>

**Nature of Complaint:** <u>Race/Bias</u>

1. **What occurred?** Mr. Riley alleges that for the last year and a half he has taken over the supervisory functions for a Donna McCall the previous Operations Clerk Supervisor. Mr. Riley states that Ms. McCall had requested to be removed from her managerial functions (reasons unknown). In doing so he was asked to take over part for her functions by Frank Shahan Chief of Airport Operations. Some of those functions included overtime scheduling, & handling of airport tenants. Mr. Riley has no job description pertaining to the supervisory capacity, however he does have a job description for the Operations clerk. Mr. Riley feels that he has yet to be fully compensated for the work that he has performed. Mr. Riley also alleges that Ms. McCall salary has remained the same even though she is no longer doing the job and that he is entitled to the salary she is now receiving. Mr. Riley states that none of his work reviews reflects him doing a supervisor positions.

2. **Did you or have you spoken with your immediate supervisor?** Yes, Mr. Riley contends that he has spoken to his immediate supervisor Frank Shahan Chief of Airport Operations & Rocco Tomanelli Director of Airport Operations regarding his concerns. Mr. Riley states that he has also had a Grievance with Trudy Spence-Parker, James Johnson, Jim Wallace, and Lynda Murphy. Mr. Riley stated that "he got nothing from that meeting"and that all his concerns were inadequately answered.

3. **If yes, with who & when?** Complaint did not know dates off hand and would forward documentation at a later time.

4. **What was the outcome?** Mr. Riley feels that no real outcome has come from any of his meetings. He feels that to this day he has not been given adequate answers regarding the Hay study results and his retro-pay. Mr. Riley feels that all his emails have gone unanswered leaving him with no alternative but to file suit. Mr. Riley contends that he has already been compensated for two months of retro pay & does not know why he has not received the remaining fourteen months. Mr. Riley feels that do to the fact he has been given two months of retro pay clearly means that the Authority knows it is at fault and that the five-percent increase he received is inadequate compared to his counterparts. Mr. Riley states that he knows for a fact that other people at the Authority have gotten higher increases than him some for doing the same work.

5. **Where did it happen?** Mr. Riley's primary functions take place at the New Castle Airport.

6. **Who was present?** N/A

I

D85

A-21

7. **Who else may know relevant information?** Mr. Riley contends that all his supervisors and Directors are aware of his concerns & issues and that many other workers can validate his claims.

7. **How did it happen?** N/A

8. **Who did or said what? In what order?** N/A

9. **Why did it happen?** Mr. Riley feels that all this started when an another supervisor did not want to perform her job description functions.

10. **Could this issue have been avoided?** Mr. Riley feels that all of this could have been avoided had he received some kind of validation regarding his concerns and the retro-pay for the work he has already done. Mr. Riley stated that he is not seeking a promotion of any kind and that he just wants the retro-pay and answers regarding the Hay study. Mr. Riley advised me (Consuella Petty-Judkins) that he is not looking for validation or answers, but just wanted to inform me that he was filing suit and that he did not want me to be in the dark when he did.

11. **Are there any notes, documents, or other evidence that would help to understand this situation?** Yes, Mr. Riley states that he has kept a detailed journal of all events & meetings. He will forward me copies at a later time.

12. Names of others who have first hand knowledge of the events.

13.
Name:_____ Source of knowledge:_____

Name:_____ Source of Knowledge:_____

Name:_____ Source of Knowledge:_____

Name:_____ Source of Knowledge:_____

D86

A-22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD S. RILEY,                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )   C.A. No. 05-746-KAJ
                                          )
THE DELAWARE RIVER AND BAY                )   Related Case
AUTHORITY, JAMES JOHNSON,                 )   C.A. No. 05-126-KAJ
Individually, JAMES WALLS, Individually,  )
TRUDY SPENCE-PARKER, Individually,        )
and CONSUELLA PETTY-JUDKINS,              )
Individually.                             )
                                          )
                    Defendants.           )

### CERTIFICATE OF SERVICE

I, William W. Bowser, Esquire, hereby certify that on November 28, 2005, I electronically filed a true and correct copy of the foregoing **Appendix to Defendants' Opening Brief in Support of Their Motion to Dismiss** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

James P. Hall, Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

YOUNG CONWAY STARGATT & TAYLOR LLP

/s/ William W. Bowser
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants