# YOUNG CONAWAY STARGATT & TAYLOR, LLP

WILLIAM W. BOWSER
DIRECT DIAL: 302.571.6601
DIRECT FAX: 302.576.3282
wbowser@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

March 7, 2006

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Lock Box 10
Wilmington, DE 19801

    RE:    Riley v. Delaware River and Bay Authority, et al.
              C.A. No. 05-746

Dear Judge Jordan:

        I am writing to request that the Court decide Defendants' pending Motion to Dismiss based on the documents currently before it, and also to call to the Court's attention a recent decision by the Supreme Court of the State of Delaware which bears on the issues in this case (pursuant to Local Rule 7.1.2(c)).

        Defendants' Motion to Dismiss has been pending before the Court for more than three months, since November 26, 2005. Plaintiff's response was due on December 12, 2005. Defendants granted Plaintiff an extension (which was requested after the due date) to January 4, 2006.

        Counsel then exchanged a number of emails in which Plaintiff's counsel, Mr. Hall, indicated that the Plaintiff was seeking new counsel, and that if he did not find new counsel, Mr. Hall intended to withdraw from the case. The last such email was dated February 20, 2006 (Exhibit A), in which Mr. Hall stated that the Plaintiff had met with Jeff Martin, Esquire, and that Mr. Hall would get back to me "within the week." I have received no further communication from Mr. Hall and indicated to him on several occasions that I would bring this to the Court's attention if I did not receive further response.

        In addition, the Supreme Court for the State of Delaware recently made a ruling regarding the availability of Section 1981 claims against state actors. See Parker v. Gadow, et al., No. 408, 2005, Del. LEXIS 103 (Del. Feb. 24, 2006) (Exhibit B). In Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989), the U.S. Supreme Court held that redress for Section 1981 claims against state actors was available only under 42 U.S.C. § 1983. Section 1981 was amended in 1991, and there is a split of authority among the circuit courts as to whether Jett is still valid precedent after the 1991 amendments.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
March 7, 2006
Page 2

In Parker, the Delaware Supreme Court held that the 1991 amendments did not broaden the remedies available under Section 1981.  Therefore, the only remedy against a state actor was through Section 1983, which has a two-year, not a four-year, statute of limitations.  Id. at *2.  The Parker court notes that although the Third Circuit has not ruled explicitly on this issue, it continues to reiterate the holding in Jett that only Section 1983 provides a remedy against state actors.  Moreover, a number of district courts in the Third Circuit have held that the holding of Jett has not been overruled by the 1991 amendments.  See, e.g., Valentin v. Phila. Gas Works, 2004 U.S. Dist. LEXIS 5262 (E.D. Pa. Mar. 29, 2004); Miles v. City of Phila., 1999 WL 274979  (E.D. Pa. May 5, 1999); Jacob v. City of Phila., 2004 WL 241507 (E.D. Pa. Jan. 29, 2004).  Therefore, following the Parker decision and supported by decisions within the Third Circuit, Plaintiff's Section 1981 action can be redressed only through Section 1983, which has a two-year statute of limitations.  Under that analysis, Plaintiff's Section 1983 claims would be time-barred.

For the foregoing reasons, Defendants respectfully request that the Court decide the pending Motion to Dismiss based on the documents before the Court, and to grant its motion.

>YOUNG CONWAY STARGATT & TAYLOR LLP
>
>/s/ Adria B. Martinelli
>William W. Bowser, Esquire (Bar I.D. 2239)
>Adria B. Martinelli, Esquire (Bar I.D. 4056)
>The Brandywine Building, 17th Floor
>1000 West Street, P.O. Box 391
>Wilmington, Delaware 19899-0391
>Telephone: (302) 571-6601, 6623
>Facsimile: (302) 576-3282, 3314
>Email: wbowser@ycst.com; amartinelli@ycst.com
>Attorneys for Defendants

Attachments
cc:   James P. Hall, Esquire (w/atts.)(via CM/ECF)
      James T. Johnson (w/atts.)