## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

RONALD S. RILEY                                          :
                                                        :
                   Plaintiff,                           :     C.A. No.: 05-746 (KAJ)
                                                        :
v.                                                      :     Related Case
                                                        :     C.A. No.: 05-126 (KAJ)
THE DELAWARE RIVER AND                                  :
BAY AUTHORITY, JAMES JOHNSON,                           :
Individually, JAMES WALLS, Individually,                :
TRUDY SPENCE-PARKER, Individually,                      :
and CONSUELLA PETTY-JUDKINS,                            :
Individually,                                           :
                                                        :
                   Defendants,                          :

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Submitted by:

PHILLIPS, GOLDMAN & SPENCE, P.A.
JAMES P. HALL, ESQUIRE (#3293)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiff

DATE: June 16, 2006

## TABLE OF CONTENTS

PAGE

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENTS

    A.  PLAINTIFF'S TITLE VII CLAIM

        1.  PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE
            REMEDIES AS REQUIRED BY TITLE VII . . . . . . . . . . . . . . . . . . . . 2

        2.  PLAINTIFF'S TITLE VII CLAIM IS NOT BARRED BY
            THE STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        3.  INDIVIDUAL DEFENDANTS ARE LIABLE UNDER
            TITLE VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.  PLAINTIFF'S §1981 CLAIM

        1.  DEFENDANT DRBA IS NOT IMMUNE FROM §1981
            CLAIMS BASED ON 11TH AMENDMENT SOVEREIGN
            IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        2.  PLAINTIFF'S §1981 CLAIM IS NOT TIME-BARRED . . . . . . . . . . . 9

    C.  PLAINTIFF'S EMOTIONAL DISTRESS CLAIM

        1.  PLAINTIFF'S INTENTIONAL INFLICTION OF
            EMOTIONAL DISTRESS CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        2.  PLAINTIFF HAS STATED CONDUCT SUFFICIENT
            TO STATE AN IIED CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i.

## TABLE OF CITATIONS

PAGE(S)

*Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bazemore v. Friday*, 478 U.S. 385, 106 S.Ct. 3000 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Berry v. E.I. DuPont de Nemours & Co.*, 625 Fed. Supp. 1364 (D.Del. 1985) . . . . . . . . . . . . 9, 10

*Cardenas v. Massey*, 269 F.3d 251 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . 3

*Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655 (3d Cir. 1989) . . . . . . . . . . . . . 7-8

*Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Grigsby v. Kane*, 2005 WL 348303 (M.D.Pa.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hornsby v. U.S. Postal Servs.*, 787 F.2d 87 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Jackson v. The Delaware River and Bay Authority*, 2001 WL 1689880 (D.N.J.) . . . . . . . . . . . 6, 7

*Jones v. Am. State Bank*, 857 F.2d (8th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836 (2004) . . . . . . . . . . . . . . . 10

*Kane v. State of Iowa Dept. of Human Services*, 955 F. Supp 1117
    (N.D. Iowa 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lizzi v. WMATA*, 255 F.3d 128 (4th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mack v. Port Authority of New York and New Jersey*, 225 F.Supp.2d
    376 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Paci v. Rollins Leasing Corp.*, 1997 WL 811553 (Dec. 18, 1997, D. Del.) . . . . . . . . . . . . . . . 2, 3

*Pilla v. Delaware River Port Authority*, 1999 WL 345918 (E.D.Pa.) . . . . . . . . . . . . . . . . . . . . . 6

*Ricks v. State Coll. of Del.*, 605 F.2d 710 (3d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ricks v. State Coll. of Del.*, 449 U.S. 250 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ii.

*Robinson v. Dalton*, 107 F.3d 1018 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 5

*Sheridan v. E.I. DuPont de Nemours and Co*, 100 F.3d 1061 (3d Cir. 1996) . . . . . . . . . . . . . . 6

*Smith-Cook v. National Passenger Railroad Corp.*,
    2005 WL 3021101 (E.D.Pa.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wright v. ICI America Inc.*, 813 F. Supp. 1083 (D.Del. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 11

**Other Citations**

28 U.S.C. §1658 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

42 U.S.C. §2000e-5(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed.R.Civ.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10 <u>Del. C.</u> §8119 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17 <u>Del. C.</u> §1701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

## I.    Statement of Facts

Ronald S. Riley ("Plaintiff") is a member of a protected class[1] who has been employed

with the Delaware River and Bay Authority ("DRBA") from April 29, 1996 until the present.

Plaintiff has performed the duties of Airport Operations Clerk ("AOC") since Fall 2001[2], when

he returned to duty following recovery from a work-related injury. Despite the fact that Plaintiff

continually performed the duties of AOC, he remained classified and compensated as an Airport

Maintenance Technician ("AMT") and later as a Temporary Airport Operations Assistant

("TAOA"). Plaintiff claims that the failure to timely promote, and the disparate pay resulting

therefrom, is a result of racial discrimination on the part of the DRBA and certain of its

individual executives and officers.

---

[1] Plaintiff is an African American male.
[2] See 2/03/03 memo from Director of Airport Operations to DRBA Human Resources Director which states, in
pertinent part, "Mr. Riley has held this position since the Fall of 2001... and has carried out the duties of acting NCA
Airport Operations Clerk in a professional and satisfactory manner since assuming the job "

1

II.    **Arguments**

    A.    **Plaintiff's Title VII Claim**

    1.    **Plaintiff Has Exhausted His Administrative Remedies As Required By Title VII**

Defendants claim that Plaintiff did not obtain a right-to-sue letter from the Equal

Employment Opportunity Commission ("EEOC") prior to filing his complaint, as is required by

law. *Paci v. Rollins Leasing Corp.* 1997 WL 811553 (December 18, 1997, D. Del.) ("The

jurisdictional prerequisites, or exhaustion requirements, to a suit under Title VII are the filing of

a charge with the EEOC and the receipt of the EEOC's notice of the right-to-sue.")

Plaintiff did in fact file a charge with the EEOC, which subsequently did in fact issue a

right-to-sue letter to Plaintiff. (See U.S. Department of Justice "Notice of Right to Sue Within

90 Days" letter dated September 15, 2005, a copy of which is attached hereto as Exhibit "A").

Defendants next claim that this Court lacks jurisdiction because even if Plaintiff did

obtain a right-to-sue letter from the EEOC, said letter was not attached to Plaintiff's complaint.

Defendants, in their opening brief, cite two cases in support of this contention -- *Hornsby v. U.S.*

*Postal Servs.*, 787 F.2d 87 (3d Cir. 1986) and *Robinson v. Dalton*, 107 F.3d 1018 (3d Cir. 1997).

Defendants' reliance on these two cases is misguided. The Court in *Hornsby* held that the

plaintiff's receipt of a notice that a certified letter[3] was available to be picked up at the post office

was not sufficient to trigger the statute of limitations within which to file a Title VII claim. The

facts of *Robinson* are contrary to the facts here, as the plaintiff in *Robinson* never received a

right-to-sue letter and indeed never even filed a charge with the EEOC. The precedent

established by *Robinson*, furthermore, seems to preclude Defendants' claim that the Court lacks

---

[3] The certified letter was, unbeknownst to the plaintiff, his right-to-sue letter from the EEOC.

jurisdiction because of Plaintiff's failure to attach his EEOC notice.[4] The respective Court in each case did not establish a rule that an EEOC notice of the right to sue must be physically attached to a Title VII complaint, nor did either Court even remotely infer that such a rule should exist.

Clearly, the failure to obtain a right-to-sue letter prior to the commencement of a suit is a curable defect. *Jones v. Am. State Bank*, 857 F.2d 494 (8th Cir. 1988). A Title VII complainant may file an action prior to receiving a right-to-sue letter, provided there is not evidence showing that the premature filing precluded the EEOC from performing its administrative duties or that the defendant was prejudiced by such filing. *Edwards v. Occidental Chem. Corp*, 892 F.2d 1442 (9th Cir. 1990). Moreover, the mere receipt of a right-to-sue letter is sufficient to cure defect of premature filing[5] and, furthermore, failure to amend the complaint to indicate receipt of the right-to-sue letter is not fatal to a Title VII claim. *Kane v. State of Iowa Dept. of Human Services*, 955 F.Supp 1117 (N.D. Iowa 1997). Finally, the Third Circuit recognizes "the sound and established policy that procedural technicalities[6] should not be used to prevent Title VII claims from being decided on the merits." *Paci v. Rollins Leasing Corp*, 1997 WL 811553 (December 18, 1997, D. Del.)

Consequently, Defendants' assertion that Plaintiff's Title VII claim must be dismissed for failure to attach his right-to-sue letter, and the corresponding inference as to the existence of a

---

[4] "In Title VII cases, courts are permitted in certain limited circumstances to equitably toll filing requirements, *even if there has been complete failure to file, which necessarily precludes characterizing such requirements as jurisdictional*." *Robinson*, 107 F.3d 1018 (emphasis added).

[5] In their opening brief, Defendants note that Plaintiff, before receiving a right-to-sue letter, filed suit with the same complaint that was used to initiate the present proceedings.

[6] It is important to note that it is *not* a procedural requirement to physically attach an EEOC right-to-sue letter to a Title VII complaint filed in federal District Court. Even if it were, though, failure to do so would not be fatal to Plaintiff's Title VII claim.

judicially created bright line rule regarding the same, is patently incorrect.

### 2.    Plaintiff's Title VII Claim Is Not Barred By The Statute Of Limitations

Defendants next claim that Plaintiff's Title VII claim must be dismissed for failure to file a charge with the EEOC within 300 days from the date of the discriminatory act pursuant to 42 U.S.C. §2000e-5(e). Defendants contend that any discriminatory incidents that occurred before July 29, 2004, are barred by the 300 day limitations period because Plaintiff filed his charge with the EEOC on May 24, 2005. Furthermore, in their opening brief Defendants state "it is clear that *none* of the relevant actions occurred after July 2004, which is required for Plaintiff's claims to be timely." Defs.' Opening Br. at 6. (emphasis in original).

In 1986, the United States Supreme Court reversed the dismissal of a Title VII disparate pay claim on statute of limitations grounds and held that each of the plaintiffs' pay checks constituted a distinct violation of their right to nondiscriminatory compensation. *Bazemore v. Friday*, 478 U.S. 385, 106 S.Ct. 3000 (1986)("Each week's paycheck that delivers less to a black man than to a similarly situated white is a wrong actionable under Title VII.") Subsequently, a number of cases in other circuits have followed the *Bazemore* decision to hold that in a Title VII case claiming discriminatory pay, the receipt of each paycheck is a continuing violation. *Cardenas v. Massey*, 269 F.3d 251 (3d Cir. 2001). The Third Circuit itself has announced, in no uncertain terms, its policy regarding the matter: "Certainly, in this circuit, discriminatory wage payments constitute a continuing violation." *Id.* The law appears to be well-settled, then, regarding disparate pay claims under Title VII -- the receipt of each and every discriminatory paycheck is a violation and, pursuant to the continuing violation doctrine, the normally applicable 300 day statute of limitations will not act as a bar.

4

The continuing violation doctrine can be summarized as follows: First, to demonstrate a continuing violation, the plaintiff must show that at least one discriminatory act occurred within the 300 day period. Second, the plaintiff must show a continuing pattern of discrimination. A plaintiff satisfying these requirements may present evidence and recover damages for the entire continuing violation, and the 300 day filing period will not act as a bar. *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476 (3d Cir. 1997).

Plaintiff Riley began receiving discriminatory paychecks "since the Fall of 2001", which is when he was first assigned, and began to discharge, the duties associated with an AOC. Despite the fact that Plaintiff worked as an AOC, he was classified and compensated as an AMT. Also, despite the fact that Plaintiff's position was "reclassified" to that of AOC on April 18, 2003, to this day he continues to receive compensation less than that of similarly situated white employees who perform the same or similar duties. Plaintiff has established (1) at least one discriminatory act occurred within the 300 day filing period[7] and (2) a continuing pattern of discrimination.[8] Consequently, pursuant to the continuing violation doctrine, the Supreme Court's *Bazemore* decision, and the well-settled state of the law in the Third Circuit, Plaintiff's Title VII claim is not barred by the statute of limitations.

---

[7] Each and every paycheck received between July 29, 2004, and May 29, 2005 (and even thereafter), constitutes a discriminatory act.

[8] Plaintiff has been receiving discriminatory paychecks, and continues to do so, since the Fall of 2001.

### 3.    Individual Defendants' Liability

Plaintiff concedes that individual employees are not liable under Title VII. "Claims

against individual supervisors are not permitted under Title VII." *Sheridan v. E.I. DuPont de

Nemours and Co.*, 100 F.3d 1061 (3d Cir. 1996). Individual liability does exist, however, under

§1981[9] "when the defendants intentionally cause an infringement of rights protected by §1981,

regardless of whether the employer may also be held liable." *Cardenas*, 269 F.3d 251, *quoting

Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505 (3d Cir. 1986). Section 1981 allows supervisory

liability where the individual defendant is "personally involved in the alleged wrongs." *Jackson

v. The Delaware River and Bay Authority*, 2001 WL 1689880 (D.N.J.). Moreover, the mere

tolerance of workplace discrimination on the part of individual supervisors is enough for §1981

liability. Liability does not depend on whether the individual supervisor actually directed or

participated in discrimination, but will attach upon a showing of "actual knowledge and

acquiescence." *Pilla v. Delaware River Port Authority*, 1999 WL 345918 (E.D.Pa.).

Determining individual liability under §1981 requires a fact intensive inquiry. At this

time a discovery record has not been developed in this case to determine whether the individual

defendants in this case will ultimately be held liable.[10] Defendants' Fed.R.Civ.P. 12(b)(6) motion

to dismiss, however, will be precluded by a dispute as to a material fact regarding whether each

supervisor had actual knowledge that Plaintiff was unfairly classified and compensated because

---

[9] 42 U.S.C. §1981(a) guarantees equal rights to make and enforce contracts and prohibits intentional, race-based discrimination in the workplace. *Mack v. Port Authority of New York and New Jersey*, 225 F.Supp.2d 376 (S.D.N.Y. 2002). Although §1981 is a federal civil rights remedy it is in the nature of a tort remedy. *Al-Khazraji*, 784 F.2d 505 (3d Cir. 1986).

[10] "Under Fed.R.Civ.P. 12(b)(6), the question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief." *Pilla*, 1999 WL 345918.

of his race[11], and acquiesced to such discrimination. Various correspondences in the record seem

to indicate that the individual defendants were on notice that Plaintiff was receiving disparate

pay. The fact that Plaintiff continues to receive disparate pay seems to indicate acquiescence on

the part of the individual defendants. So, while ultimate liability will depend on the discovery

record to be developed in this case, the record appears sufficient to create a dispute as to a

material fact regarding misconduct on the part of the individual defendants, which is sufficeint to

defeat defendants' motion to dismiss.

**B.     Plaintiff's §1981 Claim**

**1.     Defendant DRBA Is Not Immune From §1981 Claims Based on 11th Amendment Sovereign Immunity**

Defendants contend that Plaintiff's §1981 claim must be dismissed because the DRBA

enjoys the same sovereign immunity as is conferred on the individual states by the 11th

Amendment. Defendants, however, fail to cite a single case in support of this assertion[12], which

is puzzling in light of the voluminous case law in which the DRBA was a defendant.

A state agency is entitled to 11th Amendment immunity if a suit against the agency is

actually a suit against the state itself or, in other words, if the agency is the "alter ego" of the

state. *Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655 (3d Cir. 1989). To determine

whether 11th Amendment immunity extends to an entity as an arm of the state, the court must

consider: (1) whether money that would pay any judgment would come from the state, (2) status

---

[11] "The plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the dispute at issue is whether the employer was motivated by discrimination, not whether the employer was wise, shrewd, prudent, or competent." *Jackson*, 2001 WL 1689880.

[12] Defendants do cite *Lizzi v. WMATA*, 255 F.3d 128 (4th Cir. 2001). This does not support Defendants' 11th Amendment argument, for the following reasons: its precedential value is limited as it does not arise from the controlling district, it does not involve the DRBA, and it does not involve the State of Delaware, the State of New Jersey, or the compact between the two states that authorized the creation of the DRBA.

of the agency under state law, and (3) degree of autonomy the agency has. *Id.* Although no single

factor is dispositive, the most important is whether any judgment would be paid from the state

treasury. *Id.* (citing the following factors in holding no immunity: (i) New Jersey provides less

than 33% of NJT's operating funds, (ii) New Jersey has specifically disclaimed liability for

NJT's debts, (iii) NJT can raise revenues by raising fares, and the NJT is governed by its own

board of directors.).

　　　The DRBA is not entitled to 11th Amendment immunity. The money that would be used

to pay a judgment against the DRBA would come from neither Delaware nor New Jersey, but

rather from the DRBA. The DRBA derives zero percent of its operating funds from either state,

but is instead a completely autonomous entity. It derives nearly 100% of its operating revenue

from tolls and even has its own police force. Additionally, the compact between the two states,

which authorized the creation of the DRBA ("the Compact"), specifically disclaims liability for

the DRBA's debts. 17 Del.C. §1701 at Article XVI ("The Authority shall have no power to

pledge the credit *or to create any debt or liability* of the State of Delaware, the State of New

Jersey, or of any other agency or of any political subdivision of said States.")(emphasis added).

It is significant that there is a provision in the Compact authorizing the DRBA to pay debts

arising out of property damage caused by the DRBA. 17 Del.C. §1701 at Article IX ("...the

Authority may enter into voluntary agreements with such abutting property owners and pay

reasonable compensation for any loss or injury so sustained..."). Finally, like the NJT in *Fitchik*,

the DRBA is also governed by its own board of directors. 17 Del.C. §1701 at Article V.

Consequently, the DRBA is not the "alter ego" of Delaware or New Jersey and judgments against

it would, and in fact are, paid by the DRBA. As such, the DRBA is not entitled to 11th

8

Amendment immunity and Plaintiff's §1981 claim should not be dismissed.

### 2.    Plaintiff's §1981 Claim Is Not Time-Barred

Defendants next claim that Plaintiff's §1981 claim must be dismissed as untimely. The applicable statute of limitations for §1981 claims is an unsettled area of law and an issue that the Third Circuit has not yet squarely addressed in light of a recent United States Supreme Court decision. As an initial matter, Defendants claim that there are two different statutes of limitation from which the Court can choose in determining whether a §1981 claim arising out of Delaware is untimely. Option one, Defendants contend, is a two-year statute of limitations based on *Berry v. E.I DuPont de Nemours & Co*, 625 Fed.Supp. 1364 (D.Del. 1985).[13] Option two is a four-year statute of limitations based on 28 U.S.C. §1658.[14] Defendants, without any supporting argument or explanation, conclude that the two-year statute of limitations should apply. This is a gross mischaracterization of the state of the law regarding the statute of limitations for claims arising under §1981.

It is true that, at one time, there was no statute of limitations for §1981 claims and, consequently, federal courts were left to apply "the most appropriate or analogous state statute of limitations" to §1981 claims. Defs.' Opening Br. at 11, *quoting Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987). It is true, also, that the Third Circuit has historically applied the two-year statute of limitations for personal injuries pursuant to §1981 claims arising out of Delaware. Defs.' Opening Br. at 11, *quoting Berry*, 625 F.Supp. 1364. It is true, too, that in 1990, Congress

---

[13] "This Court has held that the most analogous state statute of limitations is the two-year statute of limitations for personal injuries contained in 10 <u>Del.C.</u> §8119." *Id.*, Defs' Opening Br. at 11.

[14] "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. §1658(a).

enacted a four-year statute of limitations for all actions arising under a federal statute. Defs.'

Opening Br. at 11 *citing* 28 U.S.C. §1658(a). It is not a correct statement of the law that federal

District Courts are free to apply whichever statute they choose. *Jones v. R.R. Donnelley & Sons*

*Co.*, 541 U.S. 369, 124 S.Ct. 1836 (2004)(reversing 7th Circuit Court's application of New

Jersey's two-year personal injury statute of limitations to plaintiff's §1981 claim). The Supreme

Court in *Jones*, which Defendants cite in their opening brief, explicitly stated that it granted

certiorari in that case to resolve conflict among the Circuit Courts as to which statute to apply

and, more importantly, held that Circuit Courts are no longer free to choose the state statute of

limitations most analogous to §1981, but instead *must* apply the four-year statute of limitations as

mandated by 28 U.S.C. §1658. *Id.*

As recently as November 10, 2005, however, the Third Circuit has expressed reluctance

to follow the controlling precedent established by *Jones*. *See Smith-Cook v. National Passenger*

*Railroad Corp.*, 2005 WL 3021101 (E.D.Pa.) ("I conclude that there is insufficient information at

this time to determine which statute of limitations should apply and therefore the motion to

dismiss will be denied.") Even if the Court were to apply the two-year statute of limitations as

urged by Defendants, Plaintiff's §1981 would still not be barred. First, an act of discrimination

(receipt of an unfair paycheck) *has* occurred within two years of the filing of the complaint.

Plaintiff's complaint was filed October 25, 2005, and even with an incomplete record, this

memorandum will presume that Plaintiff received at least one paycheck from the DRBA between

10/25/03 and 10/25/05. Second, even if Plaintiff only received discriminatory paychecks before

October 23, 2003, his claim is still not barred due to the continuing violation doctrine discussed

10

*supra.*[15] While it remains unclear which statute of limitations the Third Circuit would use, it appears to be a mute point as Plaintiff's claim would not be time-barred by either standard.

**C.      Plaintiff's Emotional Distress Claim**

**1.      Plaintiff's Intentional Infliction of Emotional Distress Claim**

Defendants next claim that Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim must be dismissed because all of Plaintiff's "injuries" occurred before October 23, 2003.[16] This is the same argument advanced by Defendants for dismissal of Plaintiff's Title VII and §1981 claims. Plaintiff's IIED claim is not barred by the applicable two-year statute of limitations because he *did* receive discriminatory paychecks after October 23, 2003.

**2.      Plaintiff Has Stated Conduct Sufficient To State An IIED Claim**

Defendants next claim that Plaintiff's IIED claim must be dismissed for failure to allege either "extreme and outrageous behavior" by defendants or that Plaintiff suffered a physical injury. Plaintiff's deposition and the discovery record in this case has not been completed to date. Plaintiff has asserted intentional discrimination on the part of Defendants, therefore, Defendants' conduct is "extreme and outrageous."  Plaintiff respectfully requests that issues of Plaintiff's emotional distress and injuries be reserved until the discovery record is complete.

---

[15] "...the court has not found a case in which the Third Circuit had retreated from its holding in *Ricks v State Coll of Del*, 605 F.2d 710, 713-14 (3d Cir 1979), rev'd on other grounds, 449 U.S. 250 (1980), where it held that the **continuing violation** doctrine applies equally with respect to both **Title VII** and §1981." *Grigsby v Kane*, 2005 WL 348303 (M.D.Pa.)

[16] "Emotional injuries are personal injuries for statute of limitations purposes, and therefore a two-year statute of limitations applies." *Wright v ICI America Inc*, 813 F.Supp. 1083 (D.Del. 1993); Defs.' Opening Br. at 12.

## III.     Conclusion

Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied.

PHILLIPS, GOLDMAN & SPENCE, P.A.

_____

JAMES P. HALL, ESQUIRE (#3293)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiff

DATE: June 16, 2006

12