# Westlaw.

Slip Copy                                                                                         Page 1

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
**(Cite as: Slip Copy)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Janet SMITH-COOK, Plaintiff,
v.
NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK) and David L. Gunn,
President and CEO of the National Railroad
Passenger Corporation (AMTRAK), Defendants.
No. 05-00880.

Nov. 10, 2005.

Mark S. Guralnick, Law Offices of Mark S. Guralnick, Marlton, NJ, for Plaintiff.
William J. Delany, Thomas S. Bloom, Morgan Lewis and Bockius LLP, Philadelphia, PA, for Defendants.

Memorandum and Order

YOHN, J.

*1 Currently pending before the court is a motion to dismiss the plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6), made by the defendants National Railroad Passenger Corporation ("Amtrak") and David L. Gunn ("Gunn"), President and CEO of Amtrak. The defendants contend that the plaintiff failed to exhaust her administrative remedies, that numerous counts of the plaintiff's amended complaint are time barred, that Amtrak's employment decisions do not constitute government action, and that the plaintiff's allegations fail to state a claim upon which relief can be granted. For the reasons set forth below, the motion will be granted in part and denied in part.

I. FACTUAL & PROCEDURAL BACKGROUND
FN1

FN1 The foregoing factual account accepts all allegations in the amended complaint as true. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996).

Plaintiff Janet Smith-Cook ("Cook"), is currently employed by Amtrak as a Ticket Agent. The amended complaint alleges that in the year 2001, Amtrak began a course of racial and gender-based discrimination against the plaintiff. Cook then served as Manager, Customer Refund, a position she held until it was purportedly abolished in June 2001. According to the plaintiff, after she was removed from this management post, the defendants did not allow her to return to her former position of Lead Ticket Accounting Clerk. Instead, she obtained a Ticket Agent position at less pay. The plaintiff claims that two white males were subsequently placed in the job of Manager, Customer Refund. The plaintiff also claims she was denied severance and compensation time after she left the management position,[FN2] unlike two white males to whom Amtrak provided these benefits after their management positions were abolished. The plaintiff has since sought several other promotions, including her former job as Manager, Customer Refund, but was not chosen by the defendants to fill any of those positions.

FN2 Plaintiff claims that Amtrak deposited, but then withdrew, salary owed her for time worked in the capacity of Manager, Customer Refund.

On October 30, 2001, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination by Amtrak on the basis of race and sex. The EEOC issued a notice of right to sue on December 2, 2004. The plaintiff filed a *pro se* complaint on February 28, 2005, naming Amtrak as the defendant. After retaining counsel, the plaintiff filed the amended complaint on May 3, 2005, adding David L. Gunn as a defendant. The amended

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
(Cite as: Slip Copy)

complaint (which is long on rhetoric and claims and short on facts) contains ten separate counts: Counts I charges the defendants with violating Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq* and 42 U.S.C. § 1983; Count II alleges the defendants violated 42 U.S.C. § 1981; Count III appears to claim the defendants violated 42 U.S.C. § 1983; [FN3] Count IV alleges the defendants followed a policy and practice of racial and gender discrimination in violation of Title VII; [FN4] Count V alleges the defendants retaliated against the plaintiff for her complaints of discrimination, in violation of Title VII; Count VI claims the defendants violated the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons.Stat. § 951, *et seq.*; Count VII alleges a breach of contract claim; Count VIII alleges negligence on the part of the defendants; Count IX is for negligent infliction of emotional distress; and Count X is for intentional infliction of emotional distress.

> FN3. Count III alleges that the defendants, while acting under the color of law, "deprived the Plaintiff of the rights guaranteed by the Constitution of the United States and caused the Plaintiff to suffer the incidents of slavery in violation of the 13th and 14th Amendments, and to suffer gender-based discrimination in violation of the 14th Amendment to the United States Constitution." Amended Compl. ¶ 47-48. The defendants appear to believe that this is a claim under 42 U.S.C. § 1983. In her response memoranda, the plaintiff does not take issue with this characterization, so for the purposes of this opinion, the court will assume that Count III alleges a claim under 42 U.S.C. § 1983.

> FN4. Count IV specifies no legal basis for the claim of policy and practice discrimination. See Am. Compl. ¶¶ 49-54. However, the defendants appear to believe this is a claim under Title VII. In her response memoranda, the plaintiff does not take issue with this characterization, so for the purposes of this opinion, the court

will assume that Count IV alleges a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*

*2 On July 15, 2005, the defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff did not respond to the motion and on August 3, 2005, this court entered an order dismissing many of the claims in the amended complaint and dismissing Gunn as a defendant. However, on August 5, 2005, the plaintiff filed a response to defendant's motion to dismiss. On August 15, 2005, the plaintiff filed a motion for reconsideration for relief from judgment, seeking to have the court reconsider the August 3, 2005 order dismissing the case.[FN5] On August 26, 2005, this court granted the plaintiff's motion and vacated the August 3, 2005 order. The defendants filed a reply brief in support of their motion to dismiss on September 9, 2005.

> FN5. The plaintiff's attorney claimed there was some confusion as to the date the defendants' motion to dismiss was actually served on the plaintiff and that attendance at the ABA annual convention, along with the inadvertence of a law firm mail clerk, led to the delay in filing the response. See Motion for Reconsideration, ¶¶ 3-7.

## II. STATEMENT OF JURISDICTION

I have jurisdiction to hear claims alleging violations of 42 U.S.C. §§ 1981, 1983, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*, under the court's federal question jurisdiction, 28 U.S.C. § 1331. The plaintiff's state law PHRA, breach of contract, negligence and emotional distress claims arise out of the same transaction and occurrence, and I exercise supplemental jurisdiction to hear them under 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), courts must accept as true all well-pled

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 3

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
**(Cite as: Slip Copy)**

allegations in the complaint, and any reasonable inferences that may be drawn therefrom, to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996). Although courts must construe the complaint in the light most favorable to the plaintiff, they need not " accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir.1997).

Courts will grant a motion to dismiss if a plaintiff can prove no set of facts to support the allegations that would entitle her to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir.1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Generally, in ruling on a motion to dismiss, a district court "may not consider matters extraneous to the pleadings." *Id.* at 1426. However, the Third Circuit has recognized that a court deciding a motion to dismiss may also consider attachments to the complaint and public records deemed to be undisputedly authentic, if they are related to plaintiff's claims. *Greer v. Smith*, 59 Fed. Appx. 491, 492 n. 1 (3d Cir.2003); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). *See also In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n. 8 (3d Cir.1993) (holding that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document). Here, the defendants provided the plaintiff's EEOC Charge of Discrimination dated October 30, 2001 as Exhibit 1 to their motion to dismiss. An EEOC Charge of Discrimination is a public record, considered to be undisputedly authentic, and a court may consider the EEOC Charge in deciding a motion to dismiss. *Hercik v. Rodale, Inc.*, No. 03-CV-06667, 2004 U.S. Dist. LEXIS 9912, at *4 (E.D.Pa. May 25, 2004).

IV. DISCUSSION

*A. Claims Brought Pursuant to Title VII and PHRA*
(Counts I, IV, V, and VI)

*3 In Counts I, IV, V, and VI the plaintiff alleges she was subject to discrimination in violation of Title VII and the PHRA in five ways: (1) she was removed from her management position and two white males replaced her, (2) she was denied severance pay and "compensation time," (3) she was denied promotion to positions she sought, for which she was qualified, (4) Amtrak engaged in a pattern and practice of discrimination against African American and female employees, and (5) Amtrak retaliated against the plaintiff for her complaints of discrimination. See Amended Compl. ¶¶ 20-28, 31, 50-54, 56-59, 62-67.

The defendants contend that the plaintiff's retaliation and policy and practice claims under Title VII in Counts I, IV, and V and under the PHRA in Count VI fail because the plaintiff failed to exhaust her administrative remedies with respect to these claims. Def. Mem. Supp. Mot. to Dismiss 4-7. The defendants argue that these claims should be dismissed because she failed to raise or make any reference to retaliation or policy and practice discrimination in her initial charge to the EEOC. *Id.* The plaintiff asserts that the retaliation and policy and practice claims were implied in the original administrative charge and that a reasonable investigation by the EEOC would address these claims. Pl.'s Mem. in Opp'n. of Mot. to Dismiss, 5-9.

Before bringing a suit for judicial relief, a plaintiff must exhaust all required administrative remedies. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir.1997). If the plaintiff has not exhausted the required administrative remedies before bringing suit, then a Rule 12(b)(1) [FN6] motion to dismiss for lack of subject matter jurisdiction is appropriate. *See Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 779 (3d Cir.1994) (recognizing that a Rule 12(b)(1) motion is the appropriate vehicle for contesting exhaustion of required administrative remedies).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                              Page 4

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
(Cite as: Slip Copy)

> FN6. Though the defendants brought their motion to dismiss pursuant to Rule 12(b)(6), I will analyze the failure to exhaust argument as if brought under Rule 12(b)(1).

Before filing a suit claiming violations of Title VII and PHRA, a plaintiff must file a timely discrimination charge with the EEOC and the Pennsylvania Human Relations Commission ("PHRC") to exhaust her remedies under Title VII and PHRA, respectively.[FN7] See EEOC v. Commercial Office Prods. Co., 486 U.S. 107, 110, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988), Clay v. Advanced Computer Applications, Inc., 522 Pa. 86, 559 A.2d 917, 919 (Pa.1989). The ensuing suit is limited to claims that are within the scope of the original administrative charge. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir.1996). Claims are considered within the scope of the prior EEOC complaint if they arise during the pendency of the EEOC investigation, are closely related to conduct alleged in the charge, or are explanations of the original charge. See Waiters v. Parsons, 729 F.2d 233, 234 (3d Cir.1984); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir.1984); Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir.1976). The Third Circuit has held that "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission." Ostapowicz, 541 F.2d at 398-399 (citations omitted).

> FN7. Filing a discrimination charge with the Philadelphia Commission on Human Relations (PhilaCHR), as the plaintiff did, is considered tantamount to filing a complaint with the PHRC. See Kedra v. Nazareth Hospital, 857 F.Supp. 430 (E.D.Pa.1994) (predicting that the Pennsylvania Supreme Court would hold that filing with the PhilaCHR constitutes compliance with the PHRA because of the PhilaCHR's statutory obligation to notify the PHRC of the complaints filed with it); Marriott Corp v. Alexander, 799 A.2d 205, 208 (Pa.Commw.Ct.2002) ("filing a complaint with the Philadelphia Commission satisfies the [PHRA's] requirement that a Plaintiff exhaust administrative remedies").

*4 Cook's EEOC charge claims that Amtrak discriminated against her based on her race and gender. Such claims would reasonably lead the agency to investigate claims of discrimination with respect to plaintiff's lost position and her unsuccessful applications for other positions.[FN8] However, the defendants argue that the plaintiff's charge does not plausibly encompass any claims of retaliation or an ongoing Amtrak policy and practice of discrimination, such that she did not exhaust her administrative remedies on these claims prior to bringing this suit. The plaintiff argues that a reasonable investigation by the EEOC of the administrative charge would encompass her claims of retaliation and policy and practice discrimination.

> FN8. Defendants concede this point. Def. Mem. Supp. Mot. to Dismiss 5.

The plaintiff's EEOC charge would not put an administrative agency on notice of the allegations of systematic "policy and practices" discrimination now asserted in this suit.[FN9] The plaintiff's charge did not refer to Amtrak as having any general policies or practices of discrimination against African-American and/or female employees. The charge only refers to race and sex discrimination that the plaintiff alone suffered, relating to events surrounding her removal from the position of Manager, Customer Refund. These are discrete, isolated incidents of discrimination against Cook, as opposed to allegations of a company wide practice of discrimination. Cook did not amend her EEOC charge to add a claim alleging that Amtrak followed a policy of discrimination, or file an additional administrative charge with these allegations. The EEOC could not have reasonably been expected to investigate this type of systematic policy discrimination against African-American and female employees, since this claim is not within the scope of plaintiff's administrative charge. Therefore the plaintiff failed to exhaust her administrative

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 6
Slip Copy, 2005 WL 3021101 (E.D.Pa.)
**(Cite as: Slip Copy)**

to create additional procedural technicalities when a single filing would comply with the intent of Title VII." *Gupta,* 654 F.2d at 414.

I find that Cook's retaliation claim is within the scope of the EEOC charge. The plaintiff alleges in her amended complaint that the defendants have retaliated against her because of her complaints of discrimination in relation to her demotion, denial of severance pay, wages, and promotions. Amended Compl. ¶ 57. The plaintiff discussed these events in her EEOC charge as evidence of Amtrak's discrimination. The amended complaint states that after her protests of discrimination, the defendants retaliated against Cook by failing to promote her or restore her benefits, severance, and wages. Amended Compl. ¶ 58. The plaintiff's EEOC charge would reasonably put the EEOC and the defendants on notice of possible future retaliation against the plaintiff for airing her complaints of discrimination. It was impossible for the plaintiff to know at the time of filing the EEOC charge whether the defendants would subsequently retaliate against her for her continuing complaints of discrimination and disparate treatment. Therefore, the plaintiff exhausted her administrative remedies in relation to the retaliation claim and the defendants' motion to dismiss with respect to Count V will be denied.

*B. Claims Brought Pursuant to Section 1983 (Counts I and III)*

In Counts I and III, the plaintiff claims that the defendants violated her rights under 42 U.S.C. § 1983 by depriving her of equal protection of the law in violation of the Fourteenth Amendment and causing her to "suffer the incidents of slavery in violation of the Thirteenth Amendment. Amended Com pl. ¶¶ 32-33, 43-48. The defendants argue that the plaintiff's claim is time barred because the events at issue took place in the fall of 2001 and the plaintiff did not file the instant action until February of 2005. Def. Mem Supp. Mot. to Dismiss 10-11. The plaintiff argues in opposition that her claims under Section 1983 are subject to the statute of limitations period applicable to Title VII claims therefore her claims are viable. Pl.'s Mem. in Opp'n. of Mot. to Dismiss, 18. There is no support for this position. I find that the plaintiff failed to comply with the appropriate two year statute of limitations; hence, her Section 1983 claims will be dismissed.

*6 "It is well-established that, if Congress has created a cause of action and not specified the period of time within which a claim must be asserted, a court may infer that Congress intended state limitations periods to apply and may borrow such periods and engraft them onto the federal statute." *Burgh v. Borough Council of Montrose,* 251 F.3d 465, 471-472 (3d Cir.2001). The Supreme Court has found that 42 U.S.C. § 1983 is such a statute and that the borrowed states' statutes of limitations in Section 1983 actions are "binding rules of law." *Bd. of Regents v. Tomanio,* 446 U.S. 478, 483-484, 100 S.Ct. 1790, 64 L.Ed.2d 440 (U.S.1980). The Third Circuit has repeatedly found that a state's statute of limitations for personal injury actions applies to all actions brought under 42 U.S.C. § 1983. *Padilla v. Twp. of Cherry Hill,* 110 Fed. Appx. 272, 276 (3d Cir.2004), *Sameric Corp. of Delaware, Inc. v. City of Philadelphia,* 142 F.3d 582, 599-600 (3d Cir.1998), *Nelson v. County of Allegheny,* 60 F.3d 1010, 1012 (3d Cir.1995). Therefore, Pennsylvania's two-year statute of limitations for personal injury actions governs Cook's claims under Section 1983.[FN11] 42 Pa Cons Stat. § 5524 (2004).

FN11. The plaintiff accurately argues that Title VII establishes a statutory limitations period for employment discrimination claims. However, the statute of limitations for a Title VII claim is not applicable to claims brought under 42 U.S.C. § 1983. See *Burgh,* 251 F.3d at 472 (discussing the differences between the adopted state statute of limitations inferred for Section 1983 claims versus the express statute of limitations period provided by Congress in the text of Title VII).

The facts the plaintiff supplies in support of her Section 1983 claims all relate to events that occurred, at the latest, in the fall of 2001. Amended Compl. ¶ 18. Cook's opportunity to bring a Section 1983 claim based on these events expired two years

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                   Page 5

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
(Cite as: Slip Copy)

remedies in relation to her policy and practice discrimination claims, as she was required to do by Title VII and PHRA. This failure to exhaust her remedies is fatal to plaintiff's policies and practices claim, so that it is not properly before the court. For this reason, I will grant the defendants' motion to dismiss Count IV and the parts of Count I and VI relating to this claim.

> FN9. Count I alleges that the defendants' " unlawful employment practices has been to limit, classify, and discriminate against African-Americans and women in ways which intend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their race and/or sex in violation of Title VII." Amended Compl ¶ 23. Count IV alleges that the defendants follow a systematic policy and practice of race and sex discrimination by: (1) maintaining jobs that are segregated and/or defined on the basis of race and gender; (2) depressing wages of African-American and female employees; (3) excluding substantially all African-American female employees from managerial positions equivalent to those held by white males; (4) assigning African-American female employees to the lowest paid positions and routinely overlooking their performance levels that would help them qualify for a better paid job; and (5) failing to conduct routine employee evaluations to prevent African-American and/or female employees from competing equally for management or supervisory postions Amended Compl. ¶¶ 49A-E Count VI claims that the defendants' systematically failed "to evaulate African American and/or female employees" in violation of PHRA. Amended Compl. ¶¶ 63, 68.

In Count V, plaintiff contends that the defendants retaliated against her for her complaints of discrimination and disparate treatment, in violation of Title VII Amended Compl ¶¶ 56-60. The Third Circuit has permitted retaliation claims under Title VII to be made in court even though a plaintiff only alleges discrimination in the charge made to the EEOC. *Howze v Jones & Laughlin Steel Corp*, 750 F.2d 1208, 1212 (3d Cir 1984) The defendants claim that reliance on *Howze* is misplaced because the court in *Howze* was deciding whether it was proper to deny a motion to amend the complaint under the liberal amendment standards of Fed. R. Civ. Pro. 15(a) because the proposed amendment included a retaliation claim not previously asserted before the EEOC. However, the Third Circuit has warned against reading an EEOC charge too narrowly and held that, like the standards for amending a complaint, the scope of an EEOC charge is to be liberally construed.[FN10] See *Hicks v ABT Assoc. Inc.*, 572 F.2d 960, 965 (3d Cir 1978) ("Charges are most often drafted by one who is not well versed in the art of legal description. ... The scope of the original charge should be liberally construed").

> FN10 The defendants rely on the Sixth Circuit's decision in *Ang v Procter & Gamble Co*, where the court affirmed the dismissal of a retaliation claim because the plaintiff's EEOC charge did not mention retaliation and the plaintiff did not check off the "retaliation box." 932 F.2d 540, 546 (6th Cir.1991). However, under the Third Circuit's liberal reading of an EEOC charge, it would be inappropriate to penalize a plaintiff with no legal background for failing to check off the " retaliation box" or for not specifically mentioning retaliation

*5 Courts have held that a plaintiff need not exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; "the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Gupta v East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir 1981); see also *Ang v. Procter & Gamble Co*, 932 F.2d 540, 546-547 (6th Cir.1991); *Steffen v Meridian Life Ins. Co*, 859 F.2d 534, 545 n. 2 (7th Cir 1988). Thus requiring the plaintiff to file another separate retaliation charge "would serve no purpose except

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 7

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
(Cite as: Slip Copy)

later, in the fall of 2003. Thus, the Section 1983 claims in Cook's complaint, which was initially filed on February 28, 2005, are time barred and the plaintiff's Section 1983 claims in Counts I and III will be dismissed.[FN12]

> FN12. The defendants provide three arguments, in the following order, in support of their motion to dismiss the plaintiff's Section 1983 claim: 1) Amtrak's employment decisions do not constitute government action; 2) the amended complaint does not allege any unlawful policy that was officially sanctioned by Amtrak; and 3) the plaintiff's claims are barred by the applicable statute of limitations. However, because I find the plaintiff's Section 1983 claims are time barred, I do not address the remainder of the arguments made by the defendants.

### C. Claims Brought Pursuant to Section 1981 (Count II)

In Count II, the plaintiff alleges she was subject to discrimination by the defendants, in violation of 42 U.S.C. § 1981, by their denying her two weeks' salary, severance and compensation pay, and opportunities to be promoted. Amended Compl. ¶¶ 36-38. The defendants argue that the plaintiff's failure to promote claim under Section 1981 is time barred by a two-year statute of limitations and therefore should be dismissed; the defendants do not seek dismissal of the plaintiff's Section 1981 claims for two weeks' salary and "severance and compensation pay." Def. Mem. Supp. Mot. to Dismiss 11-14. The plaintiff argues that her failure to promote claim is subject to the four-year statute of limitations set forth in 28 U.S.C. § 1658 and that even if a two-year limitations period is correct, a continuing violation analysis saves the claim. Pl's Mem. In Opp'n. of Mot. to Dismiss, 16-18. I conclude that there is insufficient information at this time to determine which statute of limitations should apply and therefore the motion to dismiss will be denied.

42 U.S.C. § 1981 does not contain an express statute of limitations. Prior to the enactment of a federal catchall statute of limitations period in 1990, the Supreme Court instructed courts to apply the most appropriate or analogous state statute of limitations to claims based on violations of Section 1981, which in Pennsylvania is the two-year limitations period for personal injury actions. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). However, on December 1, 1990, Congress enacted a federal catchall four-year statute of limitations for any " civil action arising under an Act of Congress enacted after the date of the enactment of this section." 28 U.S.C. § 1658.

*7 Last year, the Supreme Court considered whether to apply the most analogous state statute of limitations under *Goodman* or the federal catchall statute of limitations in 28 U.S.C. § 1658, to alleged violations of Section 1981, as amended by the Civil Rights Act of 1991. The court concluded "that a cause of action 'arises under an Act of Congress enacted' after December 1, 1990-and therefore is governed by § 1658's 4-year statute of limitations-if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). If a plaintiff's claims were actionable under the pre-1991 version of Section 1981, the claims are still subject to *Goodman v. Luken'* s application of Pennsylvania's two-year state statute of limitations period. *Id.* If a plaintiff's claims "arose under" the 1991 Act amending Section 1981, in the sense that plaintiff's causes of action were made possible by the 1991 Act, then the claims are subject to Section 1658's four-year statute of limitations. *Id.*

Whether a two- or four-year limitation period applies to the plaintiff's failure-to-promote claim depends upon whether such a claim would have been actionable under the pre-1991 version of Section 1981. Some failure-to-promote claims were actionable under Section 1981 prior to the 1991 amendment, but only if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Patterson v. McLean Credit Union*, 491 U.S. 164, 185, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). "

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                         Page 8

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
**(Cite as: Slip Copy)**

[O]nly where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable...." *Id.* Thus, if a "new and distinct relation" between Cook and Amtrak would have resulted from her promotion, then the Section 1981 claim would have been actionable prior to the 1991 amendment and Pennsylvania's two-year statute of limitations for personal injury actions would apply to bar Cook's claim.[FN13] If no such new relationship would have resulted, the 1991 amendment to Section 1981 made Cook's claim actionable and the four-year limitation period would apply and her claim would be viable.[FN14]

> FN13. The plaintiff's amended complaint asserts that the discriminatory conduct last occurred in the fall of 2001. Under a two year statute of limitations, the plaintiff's claims expired in the fall of 2003.

> FN14. The plaintiff's claims would not expire until the fall of 2005. Since the plaintiff filed her claim on February 28, 2005, under a four year statute of limitations, the plaintiff's claims are not time barred.

There is insufficient information at this time to decide whether a "new and distinct relation" between Cook and Amtrak would have resulted from her promotion, which is a necessary prerequisite to determining whether the claim is time barred. Because it is unclear from the face of the plaintiff's amended complaint that the statute of limitations bars the Section 1981 claim, the motion to dismiss will be denied. I will reserve ruling on the matter of the statute of limitations until the facts are more clearly developed to permit an appropriate analysis of which statute of limitations period to apply.

*D. State Law Tort Claims (Counts VIII, IX, and X)*

In Counts VIII, IX, and X the plaintiff asserts state law tort claims for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Amended Compl. ¶¶ 77-81, 83-84, 86-87. The defendants argue that the plaintiff's claims fail because: 1) the claims are time barred; 2) the plaintiff's negligence claims are preempted by the Federal Employer's Liability Act ( "FELA"); and (3) the plaintiff fails to allege any outrageous conduct that would give rise to an emotional distress claim under Pennsylvania law. Def. Mem. Supp. Mot. to Dismiss 15-17.

*8 Pennsylvania's statute of limitations for claims of negligence, negligent infliction of emotional distress and intentional infliction of emotional distress is two years. 42 Pa. Cons Stat § 5524(2), (7). Accordingly, the plaintiff may not base her claim upon incidents which occurred before February 28, 2003, two years prior to February 28, 2005, the day she filed the initial complaint. The tortious conduct alleged in the complaint and the amended complaint occurred, at the latest, in the fall of 2001, and as such, this conduct is time barred from serving as the basis of the plaintiff's amended complaint. Amended Compl. ¶ 18. In an attempt to save her tort claims with regard to events occurring in 2001, the plaintiff argues that she alleged ongoing tortious conduct in the amended complaint. Pl.'s Mem. in Opp'n. of Mot. to Dismiss, 18-20. Therefore, she believes that the continuing tort doctrine should apply to extend the accrual date of the statute of limitations. *Id.*

The continuing violation theory, which deems a complaint timely if any act which constitutes part of the continuing violation took place within the statute of limitations, is only appropriate where the alleged conduct constitutes a continuous pattern and is durational in nature. *See AMTRAK v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (holding that since a hostile work environment claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice, a claim is timely if filed when any of the acts constituting the unlawful practice occurred within the statutory period); *Fowkes v. Pennsylvania R.R. Co.*, 264 F.2d 397 (3d Cir.1959) (finding plaintiff's arthritis was attributable to numerous small jolts and that the statute of limitations didn't run until he knew of the arthritis and that it was caused by the jolting);

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                 Page 9

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
(Cite as: Slip Copy)

*Malone v. Specialty Prods. & Insulation Co.*, 85 F.Supp.2d 503, 505 (E.D.Pa.2000) (holding that defendant's failure to respond to repeated requests to accommodate plaintiff's disability constituted a continuing violation).

However, the continuing violation theory does not apply when the conduct in question consists of unrelated, isolated incidents. The Supreme Court has explained that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,' " and the continuing violation theory does not apply. *Morgan*, 536 U.S. at 114.

Cook's allegations that the defendants acted negligently or intentionally by breaching their duties in the manner in which they "monitored, measured, evaluated, promoted, demoted, assigned, transferred, and/or ultimately failed to re-assign the plaintiff" all relate to plaintiff's claims based on a failure to promote or denial of transfer in 2001. Amended Compl. ¶ 80. These are discrete discriminatory acts, not the type of acts that constitute a continuing violation, and may not be the basis of extending the accrual date of the statute of limitations. Discrete discriminatory acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. Hence, the continuing violation theory does not apply and any events that occurred prior to February 28, 2003 cannot be the basis of the state law tort claims.

*9 Citing *Bethel v. Jendenco Construction Co.*, the plaintiff contends that a motion to dismiss should not be granted when the complaint alleges a " continuing tort" that would operate to toll the statute of limitations. 570 F.2d 1168 (3d Cir.1978) In *Bethel*, the Third Circuit stated:
Under Fed.R.Civ.P. 8(c), the statute of limitations constitutes an affirmative defense to an action. Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations. If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

570 F.2d at 1174 (citations and quotations omitted). The court went on to find that to survive a motion to dismiss it was sufficient that in various paragraphs of the plaintiff's complaint he stated "that the defendants' discriminatory acts continue 'to the present.' " *Id.*

The instant case is distinguishable from *Bethel*, because here the amended complaint does not allege a continuing tort. Unlike the plaintiff in *Bethel*, Cook does not claim in the amended complaint that the defendants' negligence, negligent infliction of emotional distress, or intentional infliction of emotional distress continues to the present, or even that any tortious act occurred within the two years prior to filing suit.[FN15] The times of the events specifically alleged in the amended complaint operate to bar the plaintiff's claims. The only facts the plaintiff supplies in support of her tort claims all relate to events that occurred, at the latest, in the fall of 2001. Amended Compl. ¶¶ 13-18. Though the amended complaint alleges that the plaintiff is presently employed by the defendants, there is nothing in the amended complaint that alleges a tort occurred sometime after February 28, 2003 or that her tort claims are based on anything other than discrete discriminatory acts in 2001. Thus, it is apparent on the face of the amended complaint that the plaintiff's state law tort claims are time barred and do not survive a motion to dismiss.

FN15. The plaintiff alleges in her response that the defendants have acted in a negligent manner from 2001 through to the present. Pl.'s Mem. In Opp'n. of Mot. to Dismiss, 18 However, in considering a motion to dismiss, a court may only consider the pleadings; a court "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997). Therefore, the plaintiff's allegation of ongoing tortious conduct in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                         Page 10

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
(Cite as: Slip Copy)

her brief is immaterial to the present discussion.

Because the plaintiff's state law tort claims are barred by the statute of limitations and are not saved under a continuing violations theory, Counts VIII, IX, and X of the amended complaint will be dismissed.FN16

> FN16. Because I find the plaintiff's state law tort claims are time barred, I do not address the preemption and failure to allege sufficiently outrageous conduct arguments made by the defendants. However, "it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988). To be liable, the defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." ' *Hoy v. Angelone*, 554 Pa. 134, 151, 720 A.2d 745 (Pa.1998). Given that Cook's claim for intentional infliction of emotional distress is premised on the events which are the basis of her claims for racial discrimination and retaliation, it is unclear how these acts would rise to the requisite level of outrageousness.

*E Breach of Contract Claim (Count VII)*

In Count VII the plaintiff alleges that the defendants promised to "employ the Plaintiff on a continuing and permanent basis, to train and evaluate the Plaintiff, and to make available to the Plaintiff, such continuing job opportunities, promotions and progressions in the Amtrak system as would be ordinarily available to other senior, long-term employees." Amended Compl. ¶ 71. The plaintiff alleges that the defendants breached this promise and bases her claim on theories of "express and implied contract, quasi-contract, quantum meruit, and promissory estoppel." *Id.* at ¶ 75. The defendants argue that Count VII fails to state a claim because the plaintiff was an at-will employee under Pennsylvania law. Def. Mem. Supp. Mot. to Dismiss 18-20. The plaintiff argues that even if Amtrak is classified as an at-will employer, this does not prevent the plaintiff from alleging a claim for breach of contract. Pl.'s Mem. in Opp'n. of Mot. to Dismiss, 22-23.

*1 Breach of Express or Implied Contract*

\*10 To state a claim for breach of contract, a plaintiff must show that (1) a contract existed; (2) there was a breach of a duty imposed by the contract; and (3) damages. *Cooper v Broadspire Servs., Inc.*, 2005 U.S. Dist. LEXIS 14752, at \*6 (E.D.Pa. Jul. 20, 2005). "In Pennsylvania, there is a very strong presumption of at-will employment relationships and the level of proof required to overcome this presumption is arduous." *Violanti v. Emery Worldwide*, 847 F.Supp. 1251, 1258 (M.D.Pa.1994), *Buckwalter v. ICI Explosives USA, Inc.*, 1998 U.S. Dist. LEXIS 276, at \*13 (E.D.Pa. Jan. 8, 1998) citing *Geary v. U.S. Steel Corp.*, 456 Pa. 171, 319 A.2d 174, 176 (Pa.1974). Employment at-will is a common law doctrine that defines the employer-employee relationship, and it permits the employer wide latitude in deciding how to conduct business. See *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 658 (3d Cir.1990). In the absence of a contract to govern the employment relationship, an employee is considered an employee at-will. *Id.* at 659.

A plaintiff must provide clear evidence to show that the employment relationship was contractual to rebut the presumption of at-will employment. *Cooper*, 2005 U.S. Dist. LEXIS 14752, at \*7. The presumption in favor of employment at-will may be overcome by showing the existence of an express contract or an implied in fact contract. *Dugan v. Bell Tel.*, 876 F.Supp. 713, 726 (W.D.Pa.1994); see also *Scott* 545 A.2d at 338-9. However, under Pennsylvania law, promises of permanent and lifetime employment are too vague to create a contract and the employment relationship is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                              Page 11

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
(Cite as: Slip Copy)

presumed to be at-will. *See Seiss v. McClintic-Marshall Corp.*, 324 Pa. 201, 188 A. 109, 109-10 (Pa.1936) (finding employer's promise to provide "suitable employment ... for life" too vague to be the basis of an enforceable contract); *Scott v. Extracorporeal, Inc.*, 376 Pa.Super. 90, 545 A.2d 334, 336-37 (Pa.Super.1988) (promise of "a permanent job" with overtime did not rebut the presumption of at-will employment).

"An implied in fact contract exists if 'additional consideration' passes from the employee to the employer from which the Court can infer that the parties did not intend to establish an at-will employment relationship." *Dugan* 876 F.Supp. at 726. This additional consideration only exists when an employee gives his employer a benefit or undergoes a substantial hardship, other than the services the employee is hired to perform. *Scott*, 545 A.2d at 339.

Here, the plaintiff alleges nothing to overcome the presumption that she is an at-will employee. Cook alleges that in exchange for the plaintiff's agreement to perform her regular job duties, the defendants agreed to permanently employ, train, evaluate, and promote the plaintiff. Amended Compl. ¶¶ 70-71. Though it would be quite unusual for any employer to make such a permanent commitment, even if these defendants did, this promise is too vague under Pennsylvania law to create an employment contract. *See Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 435 (3d Cir.1986) (finding assurances of a "future and lifetime career" did not create a contract). Cook does not claim that she gave any additional consideration besides her normal employment services to Amtrak which could be the basis of an implied in fact contract. A "[p]laintiff's bare allegation that her employment relationship [is] contractual in her response to defendants' motion to dismiss is insufficient to rebut the presumption of at-will employment." *Cooper*, 2005 U.S. Dist. LEXIS 14752, at *7. Therefore, the amended complaint does not allege the existence of a contract that would serve to remove the presumption of employment at will, and could therefore be the basis of a breach of contract claim.

*11 Assuming arguendo that an at-will employment relationship exists, Cook argues that she may still allege a claim for breach of contract. The two cases the plaintiff cites, *Sullivan v. Chartwell Investment Partners, L.P.*, 873 A.2d 710 (Pa.Super.Ct.2005) and *Carlson v. Community Ambulance Services, Inc.*, 824 A.2d 1228 (Pa.Super.Ct.2003), do not support her argument.

In *Sullivan*, an at-will employee asserted breach of contract claims predicated on two express agreements-a Compensation Agreement and a Severance Agreement. A.2d at 714-5. The court held that when a plaintiff pleads sufficient facts to establish the existence of an express agreement, the plaintiff's "status as an at-will employee is irrelevant to whether a contract existed to provide compensation during the term of his employment." *Id.* at 717. In this case, Cook does not allege the existence of an express contract between herself and the defendants.

In *Carlson v. Community Ambulance Services, Inc.*, 824 A.2d 1228 (Pa.Super.Ct.2003), the plaintiff argued on appeal that she was an at-will employee who was entitled to relief because she was constructively discharged, in violation of public policy. The court stated that the "at-will employment doctrine can be the basis of relief only where an employer expressly or constructively discharges an employee." *Id.* at 1232. However, it is clear from the surrounding language that the court was referring to when a plaintiff may bring a claim for constructive discharge, under "the public policy exception to the at-will employment doctrine." *Id.* at 1232. The plaintiff may not manipulate bits of language from an opinion to support her argument that the at-will doctrine does not apply to cases where the employee is not discharged. Pl.'s Mem. In Opp'n. of Mot. to Dismiss, 23. Here, it is not only the characterization of Cook's employment as "at-will" that prevents her claim for breach of contract. Cook's failure to adequately allege the existence of a contract in the amended complaint, which could be the basis for relief, is also what prevents recovery on her breach of contract claim.

*2. Quantum Meruit*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works

Slip Copy                                                                                                          Page 12

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
(Cite as: Slip Copy)

Count VII fails to state a claim under quantum meruit. Quantum meruit is a cause of action in quasi-contract designed to give restitution to a person who is unjustly enriched at the expense of another. *Mill Run Assocs. v. Locke Prop. Co.*, 282 F.Supp.2d 278, 292 (E.D.Pa.2003); *Mitchell v. Moore*, 729 A.2d 1200, 1202 n. 2 (Pa.Super.Ct.1999). To recover under quantum meruit, a claimant must show that the defendant either wrongfully secured or passively received a benefit that would be unconscionable for the defendant to retain without compensating the provider. *Green Stripe, Inc. v. Berny's Internationale*, 159 F.Supp.2d 51, 56 (E.D.Pa.2001); *Halstead v. Motorcycle Safety Found., Inc.*, 71 F.Supp.2d 455, 459 (E.D.Pa.1999); *Mitchell*, 729 A.2d at 1203. Here, the plaintiff claims that she performs "her job duties in a regular, timely, prompt, and efficient manner." Amended Compl. ¶ 70. These are responsibilities she was hired to perform and in exchange the plaintiff receives salary and continued employment with Amtrak. There is nothing in the amended complaint that suggests that the plaintiff performed any services, beyond her normal employment duties, for Amtrak in exchange for which it could be found to have unjustly reaped a benefit as a consequence of the plaintiff's actions.

### 3. Promissory Estoppel

*12 Count VII also fails to state a claim under the doctrine of promissory estoppel. This doctrine permits courts to enforce promises that are unsupported by consideration in order to remedy the injustice that results when a reasonable promisee detrimentally relies upon some promise by a promisor, which is then broken. *Lyon Fin. Servs. v. Woodlake Imaging, LLC*, No. 04-3334, 2005 U.S. Dist. LEXIS 2011, at *23 (E.D.Pa. Feb. 9, 2005). A broad and vague implied promise is insufficient to serve as a "promise" able to support a claim of promissory estoppel. *C & K Petroleum Prods., Inc. v. Equibank*, 839 F.2d 188, 192 (3d Cir.1988).

Pennsylvania does not recognize a cause of action for promissory estoppel as an exception to the employment-at-will doctrine. *See Dugan v. Bell Tel.*, 876 F.Supp. 713, 727 (W.D.Pa.1994) (dismissing claim that the plaintiff relied to his detriment on defendants' alleged promises and policy not to engage in retaliatory discharges); *Anderson v. Haverford College*, 851 F.Supp. 179, 183 (E.D.Pa.1994) (dismissing promissory estoppel claim where the plaintiff did not adequately allege an express or implied contract, citing *Paul v. Lankenau Hosp.*, 524 Pa. 90, 569 A.2d 346, 348 (Pa.1990)). The Pennsylvania Supreme Court reasoned that allowing an employee to claim equitable estoppel in cases where the law declares that no implied contract exists would undercut the at-will employment doctrine. *Paul*, 569 A.2d at 348.

Even viewing the facts most favorably to the plaintiff, it is clear that Count VII does not state a claim for promissory estoppel. Not only does the amended complaint fail to allege a definite enough promise that can serve as a basis for promissory estoppel, but Pennsylvania law also does not recognize a claim for promissory estoppel once it has been established that there is no employment contract.

Cook has failed to state a claim under the theories of express or implied contract, quantum meruit, or promissory estoppel. Therefore, Count VII will be dismissed.

### F. Claims Against Defendant David L. Gunn

The defendants ask the court to dismiss all claims asserted against David L. Gunn. Def. Mem. Supp. Mot. to Dismiss 20. The plaintiff agrees that there is no need to sue Gunn personally and that she does not oppose the dismissal of Gunn if such dismissal will not prejudice the plaintiff. Pl.'s Mem. In Opp'n. of Mot. to Dismiss, 24-25.

To the extent that the plaintiff's claims under Title VII and PHRA are still viable, Gunn is not a proper defendant. Title VII provides, that it is an "an unlawful employment practice for an employer" to discriminate against an individual with respect to his employment. 42 U.S.C. § 2000e-2(a). The statute defines "employer" as "a person engaged in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                   Page 13

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
**(Cite as: Slip Copy)**

an industry affecting commerce who has fifteen or more employees." Id. § 2000e(b). Thus, individual employees may not be held liable under Title VII, because an individual is not an "employer" within the meaning of the statute. *Emerson v Thiel College*, 296 F.3d 184, 190 (3d Cir.2002); *Tai Van Le v Univ. of Pa*, 321 F.3d 403, 409 (3d Cir.2003); *Sheridan v E I Dupont de Nemours & Co*, 100 F.3d 1061, 1077 (3d Cir.1996). Thus, Gunn is not a proper defendant to a Title VII action.

*13 Like Title VII, Section 955 of the PHRA establishes direct liability solely for employers. *See Dici v Pennsylvania*, 91 F.3d 542, 552 (3d Cir.1996). However, the PHRA does permit accomplice liability for individual employees who "aid, abet, incite, compel, or coerce" a Section 955(a) violation by their employer. *See* 43 Pa. Cons.Stat. § 955(e). Cook has failed to allege any facts that show Gunn acted to aid or abet Amtrak's alleged discriminatory practices, which could support a claim of accomplice liability. The defendant's motion to dismiss defendant David L. Gunn from the plaintiff's claims under Title VII and PHRA will be granted.

With respect to the plaintiff's claims under Section 1981, the defendant's motion to dismiss Gunn will be granted. To establish a right to relief under Section 1981, a plaintiff must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in Section 1981, including the right to make and enforce contracts. *Pryor v. NCAA*, 288 F.3d 548, 569 (3d Cir.2002). The amended complaint fails to allege any discriminatory activity on the part of Gunn. Therefore, the plaintiff has failed to state a claim against Gunn.

Because Counts III, IV, VII, VIII, IX, and X are dismissed as to all defendants, it is unnecessary to address their application to Gunn solely. Additionally, it is important to note that the plaintiff agrees that there is no need to maintain Gunn as a co-defendant, if it will not jeopardize her claims against Amtrak. Pl.'s Mem. In Opp'n. of Mot. to Dismiss, 23-4. Here, it is not necessary for Cook to sue Gunn on her remaining viable claims under Title VII, PHRA, and Section 1981, in order for her to assert these claims against Amtrak.

Therefore, the plaintiff's claims against David L. Gunn will be dismissed and he will be dismissed as a party to this action.

### IV. CONCLUSION

The defendants' motion to dismiss will be granted in part and denied in part. Cook's Section 1983 racial discrimination claims are based on actions that occurred prior to February 28, 2003. These claims are barred by the two-year statute of limitations, and therefore Count III and this portion of Count I will be dismissed.

The defendants' motion to dismiss the plaintiff's failure to promote claim under Section 1981 in Count II will be denied. At this time there is insufficient information to determine whether the plaintiff's claim is barred by the statute of limitations.

The plaintiff has stated a claim for retaliation, under Title VII. Therefore, the defendants' motion to dismiss Count V will be denied. In contrast, the plaintiff has failed to state a claim under Title VII and the PHRA that Amtrak has a policy and practice of discrimination, making dismissal of Count IV and this portion of Counts I and VI appropriate.

The defendants' motion to dismiss the plaintiff's Count VII will be granted because the plaintiff has failed to state a claim under state contract law. Cook fails to allege facts to show that an express or an implied contract existed, that she performed any services which could have unjustly enriched the defendants, or that the plaintiff detrimentally relied upon a reasonable promise.

*14 The defendants' motion to dismiss the plaintiff's state law tort claims will be granted. These claims are barred by the two-year statute of limitations, and therefore Counts VIII, IX, and X will be dismissed.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 14

Slip Copy, 2005 WL 3021101 (E.D.Pa.)
**(Cite as: Slip Copy)**

The defendants' motion to dismiss defendant David L. Gunn will be granted. An appropriate order follows.

Order

And now, this _____ day of November 2005, upon consideration of the motion of defendants National Railroad Passenger Corporation (Amtrak) and Mr. David L. Gunn to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted, filed pursuant to Fed.R.Civ.P. 12(b)(6), (Doc # 9) plaintiffs' response, and defendant's reply, it is hereby ORDERED that the defendants' motion is GRANTED in part and DENIED in part, as follows:

(1) Defendants' motion to dismiss plaintiff's claims of policy and practice discrimination under Title VII and the PHRA is GRANTED and Count IV and these parts of Count I and VI are DISMISSED.

(2) Defendants' motion to dismiss plaintiff's claims of retaliation under Title VII in Count V is DENIED.

(3) Defendants' motion to dismiss plaintiff's claims for racial discrimination under 42 U.S.C. § 1983 is GRANTED and Count III and this portion of Count I are DISMISSED.

(4) Defendants' motion to dismiss plaintiff's claims under 42 U.S.C. § 1981 in Count II is DENIED.

(5) Defendants' motion to dismiss plaintiff's state law contract claim is GRANTED and Count VII is DISMISSED.

(6) Defendants' motion to dismiss plaintiff's state law tort claims for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress is GRANTED and Counts VIII, IX, and X are DISMISSED.

(7) Defendants' motion to dismiss all claims asserted against Defendant David L. Gunn is GRANTED and David L. Gunn is DISMISSED as a party to this action.

E.D.Pa.,2005.
Smith-Cook v. National Railroad Passenger Corp. (AMTRAK)
Slip Copy, 2005 WL 3021101 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2849387 (Trial Motion, Memorandum and Affidavit) Reply Brief in Further Support of Motion of Defendants National Railroad Passenger Corporation and David L. Gunn to Dismiss Plaintiff's Amended Complaint (Sep. 9, 2005)
• 2005 WL 2684826 (Trial Motion, Memorandum and Affidavit) Defendants Memorandum of Law in Opposition to Plaintiff'S Motion for Reconsideration, to Amend Judgment And/Or for Relief from Judgment (Aug. 24, 2005)
• 2005 WL 2684823 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint (Aug. 5, 2005)
• 2005 WL 2684825 (Trial Motion, Memorandum and Affidavit) Motion for Reconsideration, to Amend Judgment And/Or for Relief from Judgment (Aug. 3, 2005)
• 2:05cv00880 (Docket) (Feb. 28, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.