IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD S. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-746-KAJ |
| | ) |
| THE DELAWARE RIVER AND BAY | ) Related Case |
| AUTHORITY, JAMES JOHNSON, | ) C.A. No. 05-126-KAJ |
| Individually, JAMES WALLS, Individually, | ) |
| TRUDY SPENCE-PARKER, Individually, | ) |
| and CONSUELLA PETTY-JUDKINS, | ) |
| Individually. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN
SUPPORT OF THEIR MOTION TO DISMISS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants

DATED:     July 7, 2006

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................................................................. ii

SUMMARY OF ARGUMENT ......................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.    Riley's title VII claim must be dismissed ............................................................... 2

A.    Riley's Title VII Claim Is Barred By The Statute Of Limitations And Should Not Be Analyzed As A "Continuing Violation" ........................... 2

B.    Individual Defendants Are Not Liable Under Title VII .......................................... 6

II.    RILEY'S SECTION 1981 CLAIM MUST BE DISMISSED ................................ 6

A.    Defendant DRBA Is Immune From Section 1981 Claims Based On 11th Amendment's Sovereign Immunity ................................................... 6

B.    Riley's Section 1981 Claim Is Time-Barred ........................................................... 7

III.    RILEY'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM MUST BE DISMISSED ........................................................... 8

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**PAGE**

Cases

*AMTRAK v. Morgan*,
  536 U.S. 101 (2002) .................................................................................. 2, 3, 4

*Andrews v. Philadelphia*,
  895 F.2d 1469 (3d Cir. 1990) ............................................................................ 8

*Butts v. County of Volusia*,
  222 F.3d 891 (11th Cir. 2000) .......................................................................... 7

*Cardenas v. Massey, et al*,
  269 F.3d 251 (3d Cir. 2001) ......................................................................... 3, 4

*Cox v. Keystone Carbon*,
  861 F.2d 390 (3d Cir. 1988) .............................................................................. 8

*Dennis v. County of Fairfax*,
  55 F.3d 151 (4th Cir. 1995) ............................................................................... 7

*EEOC v. Avecia, Inc.*,
  No. 03-320-SLR, 2003 U.S. Dist.
  LEXIS 19325 (D. Del. Oct. 23, 2003) ............................................................... 9

*Eisenberg v. Pennsylvania State Univ.*,
  No. 3:00CV301, 2001 U.S. Dist.
  LEXIS 2668 (M.D. Pa. Feb. 28, 2001) .............................................................. 5

*Hildebrandt v. Ill. Dep't of Natural Res.*,
  347 F.3d 1014 (7th Cir. 2003) ........................................................................... 3

*Ledbetter v. Goodyear Tire and Rubber Co., Inc.*,
  421 F.3d 1169 (11th Cir. 2005) ..................................................................... 3, 4

*Miller v. City of Wilmington, et al.*,
  No. 01-156-SLR, 2001 U.S. Dist.
  LEXIS 15754 (D. Del. Sept. 27, 2001) ............................................................. 8

*Obleng v. Del. State Police, et al.*,
  No. 04-1248(GMS), 2005 U.S. Dist.
  LEXIS 13447 (D. Del. July 7, 2005) ................................................................. 9

*Oden v. Oktibbeha County, Miss.*,
  246 F.3d 458 (4th Cir. 1995) ............................................................................. 7

*Parker v. Gadow,*
   893 A.2d 964 (Del. 2006) ................................................................................ 7

*R&J Holding Co. et al. v. The Redevelopment*
   *Auth. of the Co. of Montgomery,*
   165 Fed. Appx. 175 (3d Cir. 2006) ............................................................. 5, 6

*Reese v. Ice Cream Specialties, Inc.,*
   347 F.3d 1007 (7th Cir. 2003) ...................................................................... 3

*Rizzo v. E.I. DuPont DeNemours & Co.,*
   C.A. No. 86C-JL-88, 1989 Del. Super. LEXIS 450 .................................... 8

*Ryan v. General Machine Prods.,*
   277 F. Supp.2d 585 (E.D. Pa. 2003) ......................................................... 4, 5

*Smith v. Amerada Hess Corp.,*
   No. 05-560 (JAP), 2005 U.S. Dist.
   LEXIS 25822 (D.N.J. Oct. 28, 2005) ........................................................ 4, 5

*Turner v. PNC Bank,*
   No. 99-504-SLR, 2003 U.S. Dist. LEXIS 19741 (D. Del. Nov. 3, 2003) ....... 8

DB01:2138986.2                                                                                                        051649.1014

## SUMMARY OF ARGUMENT

Despite having six months to prepare his brief in opposition to Defendant's Motion to Dismiss, Plaintiff Ronald S. Riley ("Riley") has failed to present any persuasive argument as to why his complaint should not be dismissed against all defendants. All of his claims are time-barred. Riley's claims relate to compensation he is receiving for a position he has been in since 2001. By July of 2003, he had completed the internal grievance process related to his allegations, and informed the DRBA he had no alternative but to file a lawsuit. Nevertheless, he failed to file his EEOC charge (preserving his Title VII claims) until May 24, 2005, and his lawsuit until October 25, 2005 (preserving his remaining claims). Based on the U.S. Supreme Court's ruling in *Amtrak v. Morgan*, Riley's failure to promote and discriminatory pay claims are discrete events not susceptible to the "continuing violation" doctrine for statute of limitations purposes. For this reason, as well as the others elaborated upon in Defendants' opening brief and below, his complaint must be dismissed.

## ARGUMENT

I. **RILEY'S TITLE VII CLAIM MUST BE DISMISSED**

A. **Riley's Title VII Claim Is Barred By The Statute Of Limitations And Should Not Be Analyzed As A "Continuing Violation"**

Riley argues that his Title VII claim is timely based on the "continuing violation" doctrine, which provides that if the discriminatory conduct is based on a continuing pattern of discrimination, the action is timely if at least one discriminatory act occurred within the statutory period. However, Riley ignores the U.S. Supreme Court's clarification of the operation of continuing violation doctrine in *AMTRAK v. Morgan*, 536 U.S. 101 (2002). *Morgan* clarified the breadth of the continuing violation doctrine, and held that the continuing violation doctrine did not apply to revive untimely discrete acts of discrimination such as "termination, failure to promote, denial or transfer, or refusal to hire." *Morgan*, 536 U.S. at 114.

In this case, Riley's claims arise out of a position created for him in 2001. A-5.[1] He maintains that he is not being compensated fairly for the job duties he has held since that time. (D.I 1, ¶11). He was aware of his claim certainly no later than July of 2003, after he had completed the internal grievance process related to his compensation, and informed the DRBA that he had "no alternative but to file suit." A-20. Three months later, he had retained an attorney to represent him with regard to his wage and racial discrimination concerns. A-7. Yet, despite this awareness of his rights, and retention of counsel, he did not file a Charge of Discrimination until <u>more than two years later</u>.[2]

---

[1] All record citations are to the Appendix filed with Defendants' Opening Brief.
[2] Riley's counsel filed a charge of discrimination at the administrative level only after first filing a complaint with this Court without exhausting administratively, and being informed by Defendants' counsel he was legally required to do so. Riley's Charge was

2

*Cardenas v. Massey, et al*, 269 F.3d 251 (3d Cir. 2001), cited by Riley for the proposition that "discriminatory wage payments constitute a continuing violation" is inapplicable because was decided prior to *Morgan*, the seminal U.S. Supreme Court case clarifying the breadth of the continuing violation doctrine. The Third Circuit has not had an opportunity to revisit the *Cardenas* holding regarding discriminatory paychecks since the *Morgan* decision.

Other Circuit Courts, however, have held post-*Morgan* that allegations of discriminatory paychecks and concluded that such allegations were "discrete acts of discrimination" and not susceptible to a continuing violation analysis. *See Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1180 (11th Cir. 2005) (citing *Reese v. Ice Cream Specialties, Inc.*, 347 F.3d 1007, 1010 (7th Cir. 2003) (concluding that "it is relatively easy to rule out" the possibility that disparate pay claims should be treated like hostile environment claims after *Morgan*); *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1028 (7th Cir. 2003) ("using *Morgan* as our guide . . . we must conclude that each of Dr. Hildebrandt's paychecks that included discriminatory pay was a discrete discriminatory act, not subject to the continuing violation doctrine")). As further explained by the Eleventh Circuit in *Ledbetter*:

> In a case in which the plaintiff complains of discriminatory pay, there are only two possible sources of such conduct: the decisions setting the plaintiff's salary level or pay rate, and the issuance of paychecks reflecting those decisions. Whether it is a pay-setting decision or the issuance of a confirming paycheck that is viewed as the operative act of discrimination, the act is . . . discrete in time, easy to identify, and . . . independently actionable. If an employee is denied a raise, given a pay cut, or hired at a deflated pay grade because of a prohibited consideration, the statute is

---

signed on May 24, 2005. A-8. This date was incorrectly stated on page 8 of Defendants' Opening Brief (as May 25, 2004); the correct date was stated on page 6.

3

> violated and the employee can file suit the moment the
> decision is made.

*Id.* at 1179.

Other cases within the Third Circuit since *Cardenas* (and after the Supreme Court's ruling in *Morgan*) have similarly held that the continuing violation doctrine did not apply to "discriminatory paycheck" claims. In *Ryan v. General Machine Prods.*, 277 F. Supp.2d 585, 593 (E.D. Pa. 2003), the court held that even where plaintiff claimed she was paid less than male employees for similar work, her claim arose out of promotion decisions which should have triggered her to assert her rights. The court in *Ryan* stated:

> If she had wanted to challenge these alleged discriminatory
> failures to promote, she was required timely to file charges
> with the [appropriate administrative agency]. Her failure to
> do so was fatal, and these stale claims cannot be
> resuscitated by the continuing violation theory.

*Id.*

Likewise, in *Smith v. Amerada Hess Corp.*, No. 05-560 (JAP), 2005 U.S. Dist. LEXIS 25822, at *15 (D.N.J. Oct.28, 2005)[3], the court held that the alleged discrepancy in pay between plaintiff and white co-worker was the effect of discrete discriminatory acts that occurred outside the statutory time period, and not a continuing violation. In *Amerada Hess*, the plaintiff, an African-American, alleged that a white co-worker was promoted from temporary to permanent employee more quickly than the plaintiff, and that later her employer delayed promoting her based on her race. *Id.* at **5-6. Both of these events occurred outside the 300-day statutory period. *Id.* at *10. The only claim in the plaintiff's submissions that could arguably revive her delay in hiring and delay in promotion claims was her assertion that she was currently being paid less than a

---

[3]Compendium of unreported decisions is filed contemporaneously with this brief.

4

white worker holding the same position. *Id.* at *14. The court held that "<u>plaintiff's alleged discrepancy in pay . . . is merely the effect of discrimination that occurred outside the limitations period and thus does not revive her time-barred claims.</u>" *Id.* at *15 (emphasis added). Similarly, Riley's "discriminatory paychecks" are merely the effect of discrimination with respect to a discrete event: Riley's assuming the duties of Operations Clerk back in 2001. As such, the continuing violation theory is inapplicable in this case, and cannot be used to revive Riley's time-barred claims.

It is well-settled that where the alleged actions should trigger an employee's awareness of and duty to assert his or her rights, it is less likely that a continuing violation has occurred. *See Ryan*, 277 F. Supp.2d at 292.

> The continuing violation doctrine is a narrow and equitable exception. The doctrine "should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims. *Cowell v. Palmer Twp.*, 263 F.3d 286, 295 (3d Cir. 2001). On the contrary, <u>if prior events should have alerted a reasonable person to act at that time the continuing violation theory will not overcome the relevant statute of limitations</u>. *King v. Township of E. Lambert*, 17 F. Supp.2d 394, 416 (E.D. Pa. 1998).

*R&J Holding Co. et al. v. The Redevelopment Auth. of the Co. of Montgomery*, 165 Fed. Appx. 175, 181 (3d Cir. 2006) (emphasis added) (citing and upholding the district court's dismissal of plaintiff's § 1983 claim). *See also Eisenberg v. Pennsylvania State Univ.*, No. 3:00CV301, 2001 U.S. Dist. LEXIS 2668, at * 10 (M.D. Pa. Feb. 28, 2001) (noting that the first inquiry in a "discriminatory pay" claim is to determine when the plaintiff knew or should have known of the alleged discrimination, and if the action is not timely filed, the continuing violation theory will not apply). It is indisputable in this case that Riley was alerted that he should act based on his employer's alleged wrongs no later than

5

July of 2003 when he stated that he "had no alternative but to file suit" and retained an attorney to pursue his claims shortly thereafter.

Given these facts, Riley should not be "reliev[ed] [of his] duty to exercise reasonable diligence in pursuing [his] claim." *See R&J Holding Co.*, 165 Fed. Appx. at 181. Therefore, the statute of limitations set forth in Title VII should be upheld in this case, and Riley's claims dismissed as untimely.[4]

### B.  Individual Defendants Are Not Liable Under Title VII

Although Riley's Table of Contents falsely states that "Individual Defendants Are Liable Under Title VII," Riley concedes in the text of his brief that they are not.[5] Therefore, the individual defendants must be dismissed from the Title VII claim.

### II.  RILEY'S SECTION 1981 CLAIM MUST BE DISMISSED

### A.  Defendant DRBA Is Immune From Section 1981 Claims Based On 11th Amendment's Sovereign Immunity

Contrary to Riley's bold assertion that Defendants "failed to cite a single case in support of this assertion [that the DRBA is entitled to sovereign immunity]"– Defendants, in fact, cited support, as noted in Riley's footnote. Opp. Br. at 7, fn. 12. The

---

[4] Riley argues in his Opposition Brief that his complaint should not be dismissed based on his failure to allege that he exhausted his claims by filing a charge with the EEOC, because this defect can be cured. Opp. Br. at 3. However, he has not yet moved to amend his complaint, which, therefore, remains defective.

[5] Riley also misleads the Court by stating on multiple occasions that "the Third Circuit held . . .," when the decisions cited are from district courts. *See* Opp. Br. at 3 (citing to *Paci v. Rollins Leasing Corp.*, 1997 WL 811553 (D. Del. Dec. 18, 1997) for the proposition that "the Third Circuit recognizes 'the sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on the merits'" and Opp. Br. at 10, citing *Smith-Cook v. National Passenger Railroad Corp.*, 2005 WL 3021101 (E.D. Pa.) for the proposition that "the Third Circuit has expressed reluctance to follow the controlling precedent established by Jones."

6

fact that this issue has not been argued or ruled on in a case where DRBA was the defendant does not mean that the argument is without merit.

### B. Riley's Section 1981 Claim Is Time-Barred

Riley's argument that his Section 1981 claim is governed by a four-year (versus two-year) statute of limitations is immaterial following the recent rulings that Section 1981 claims are not available against state actors, and must be made pursuant to Section 1983. In their letter to the Court dated March 7, 2006, pursuant to Local Rule 7.1.2(c), Defendants noted the recent ruling by the Delaware Supreme Court in *Parker v. Gadow*, 893 A.2d 964 (Del. 2006). *Parker* held that the 1991 amendments to Section 1981 did not expand its scope; therefore, the only remedy against a state actor is through Section 1983, which has a two-year statute of limitations. *Id.* at 968. This holding is consistent with rulings from the Fourth, Fifth, and Eleventh Circuits. *See Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995); *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463-64 (4th Cir. 1995); *Butts v. County of Volusia*, 222 F.3d 891 (11th Cir. 2000).[6] Riley did not address this argument in any documents filed with the Court. As further discussed in Defendants' opening brief, none of the allegations falls within a two-year statute of limitations, and therefore his Section 1981 claim (which must be made pursuant to Section 1983) must be dismissed.

Riley's argument that he is within the two-year statute of limitations based on his allegation of a "continuing violation" fails for the same reasons it fails with regard to his Title VII claim, as discussed above.

---

[6]The Third Circuit had not directly addressed this issue. *See Parker*, 893 A.2d at 967.

### III. RILEY'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM MUST BE DISMISSED

Riley beseeches the Court to wait until the record is complete before ruling on his claim for intentional infliction of emotional distress ("IIED") claim. Without citing a single case in support of his argument, he asserts that he has alleged conduct sufficient to state an IIED claim, and that his claim is within the two-year statute of limitations based on the fact that he "receive[d] discriminatory paychecks after October 23, 2003." Opp. Br. At 11. His complaint clearly does not allege conduct sufficient to state a claim for IIED; he has not alleged a physical injury, nor extreme and outrageous behavior as required under Delaware law. *See Rizzo v. E.I. DuPont DeNemours & Co.*, C.A. No. 86C-JL-88, 1989 Del. Super. LEXIS 450 at \*\*9-10.

The Third Circuit has noted that it is extremely rare in the employment context for conduct rise to the level of being outrageous for purposes of the tort of IIED. *Cox v. Keystone Carbon*, 861 F.2d 390, 395 (3d Cir. 1988); *Andrews v. Philadelphia*, 895 F.2d 1469, 1486-87 (3d Cir. 1990). Alleged "discriminatory paychecks" are not, as a matter of law, extreme nor outrageous as required to support a claim of IIED. This Court has dismissed numerous IIED claims before the record is "fully established" as Riley requests. *See, e.g., Miller v. City of Wilmington, et al.*, No. 01-156-SLR, 2001 U.S. Dist. LEXIS 15754, at \*11 (D. Del. Sept. 27, 2001) (granting motion to dismiss as to IIED claim where defendant did not commit any extreme or outrageous conduct); *Turner v. PNC Bank*, No. 99-504-SLR, 2003 U.S. Dist. LEXIS 19741, at \*\*18-19 (D. Del. Nov. 3, 2003) (denying plaintiff's motion to amend her IIED claim where claim would not survive a motion to dismiss because there was no extreme or outrageous conduct alleged with respect to plaintiff's termination); *Obleng v. Del. State Police, et al.*, No. 04-

1248(GMS), 2005 U.S. Dist. LEXIS 13447, at *9, n.2 (D. Del. July 7, 2005) (dismissing IIED claim where did not allege extreme or outrageous conduct against defendant).

Moreover, this Court held in *EEOC v. Avecia* that IIED claims based on employment discrimination are barred by the Delaware Workers' Compensation Act. *EEOC v. Avecia, Inc.*, No. 03-320-SLR, 2003 U.S. Dist. LEXIS 19325, at *13 (D. Del. Oct. 23, 2003) (dismissing plaintiff's IIED claim on a motion to dismiss).

For the foregoing reasons, it is entirely appropriate, and in fact compelled by applicable law, that Riley's IIED claim be dismissed at this early stage in the lawsuit.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Riley's complaint be dismissed in its entirety.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
_____
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD S. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-746-KAJ |
| | ) | |
| THE DELAWARE RIVER AND BAY AUTHORITY, JAMES JOHNSON, Individually, JAMES WALLS, Individually, TRUDY SPENCE-PARKER, Individually, and CONSUELLA PETTY-JUDKINS, Individually. | ) ) ) ) ) ) ) | Related Case C.A. No. 05-126-KAJ |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I, Adria B. Martinelli, Esquire, hereby certify that on July 7, 2006, I electronically filed a true and correct copy of the foregoing **Defendants' Reply Brief in Support of Their Motion to Dismiss and Compendium of Unreported Decisions**, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

    James P. Hall, Esquire
    Phillips, Goldman & Spence, P.A.
    1200 North Broom Street
    Wilmington, DE 19806

    YOUNG CONWAY STARGATT & TAYLOR LLP

    /s/ Adria B. Martinelli
    William W. Bowser, Esquire (Bar I.D. 2239)
    Adria B. Martinelli, Esquire (Bar I.D. 4056)
    The Brandywine Building, 17th Floor
    1000 West Street, P.O. Box 391
    Wilmington, Delaware 19899-0391
    Telephone: (302) 571-6601, 6623
    Facsimile: (302) 576-3282, 3314
    Email: wbowser@ycst.com; amartinelli@ycst.com
    Attorneys for Defendants