# EXHIBIT A

(23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD S. RILEY,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )    C.A. No. 05-746 ~~(***)~~ MPT
                                          )
THE DELAWARE RIVER AND BAY                )    Related Case
AUTHORITY, JAMES JOHNSON,                 )    C.A. No. 07-336 (xxx)
Individually, JAMES WALLS, Individually,  )
TRUDY SPENCE-PARKER, Individually,        )
and CONSUELLA PETTY-JUDKINS,              )
Individually.                             )
                                          )
                    Defendants.           )

## SCHEDULING ORDER

This _26_ day of _June_____, 2007, the Court having conducted an initial

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on June 13, 2007, and the

parties having determined after discussion that the matter cannot be resolved at this juncture by

settlement, voluntary mediation, or binding arbitration;

          IT IS ORDERED that:

          1.     Rule 26(a)(1) Initial Disclosure and E-Discovery Default Standard.   Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule

of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the

parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is

posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for

Electronic Discovery), and is incorporated herein by reference.

          2.     Joinder of other Parties and Amendment of Pleadings.  All motions to join other

parties, and to amend of supplement the pleadings shall be filed on or before **August 8, 2007**.

          3.     Discovery

                 a.     Limitation on Hours for Deposition Discovery.  Each side is limited to a

total of **50** hours of taking testimony by deposition upon oral examination.

        b.    <u>Location of Depositions</u>.  Any party of representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        c.    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **March 14, 2008**.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        d.    <u>Disclosure of Expert Testimony</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 14, 2008**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **February 14, 2008**.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        e.    <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply

        

a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed documents) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

      4.     Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach and agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach and agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

      Any proposed order should include the following paragraph:

> Other Proceeding. By entering this order and limited the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order all promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

      5.     Papers filed under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

      6.     ADR Process. To be discussed during the Rule 16 scheduling conference.

      7.     Interim Status Report. On _January_, 200 _8_, counsel shall submit a letter to the Court with an interim report of the nature of the matters in issue and the progress of discovery to date.

      8.     Status Conference. On _January 11_, 200 _8_, the Court will hold a Rule 16(1), (b), and (c) conference by telephone with counsel beginning at _8:30_ : _a_ m. Plaintiff's counsel

shall initiate the telephone call. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur , and the conference will be taken off the Court's calendar.

9.     Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **May 15, 2008**. Briefing will be presented pursuant to the Court's Local Rules.

10.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.     Pretrial Conference. On *November 24* 200 *9* ,the Court will hold a Final pretrial Conference in Chambers with counsel beginning at *9:00* *a.*.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfied the pretrial disclosure requirement of the Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before *11/10/08* , ~~200~~ .

12.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more that one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submissions, unless otherwise ordered by the court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.     Jury Instructions, Voir Dire and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should file proposed voir dire, instructions

4

to the jury, and special verdict forms and jury interrogatories three full business days before the final

pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect

format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14. <u>Trial.</u> This matter is scheduled for a ____4____ day ___Non -__ trial

beginning at ~~9:30~~ *8:30 a.m.* a.m. on _December 16_ , 200_8_. For the purpose of completing pretrial preparations,

counsel should plan on each side being allocated a total of __11__ hours to present their case

_____
UNITED STATES DISTRICT JUDGE
*Magistrate*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD S. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-746 (MPT) |
| | ) | |
| THE DELAWARE RIVER AND BAY | ) | (Consolidated) |
| AUTHORITY, JAMES JOHNSON, | ) | |
| Individually, JAMES WALLS, Individually, | ) | |
| TRUDY SPENCE-PARKER, Individually, | ) | |
| and CONSUELLA PETTY-JUDKINS, | ) | |
| Individually. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

I, Adria B. Martinelli, Esquire, hereby certify that on June 28, 2007, two copies of

**Defendants' Initial Disclosures Pursuant To Federal Rule Of Civil Procedure 26(a)** were

served by First Class Mail upon the following counsel:

James P. Hall, Esquire (I.D. No. 3293)
Phillips Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adria B. Martinelli*
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
*Attorneys for Defendant*

Dated: June 28, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD S. RILEY,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )    C.A. No. 05-746 (MPT)
                                          )
THE DELAWARE RIVER AND BAY                )    (Consolidated)
AUTHORITY, JAMES JOHNSON,                 )
Individually, JAMES WALLS, Individually,  )
TRUDY SPENCE-PARKER, Individually,        )
and CONSUELLA PETTY-JUDKINS,              )
Individually.                             )
                                          )
                    Defendants.           )

## DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)

In accordance with Rule 26(a) of the Federal Rules of Civil Procedure, Defendants, by their attorneys, make these initial disclosures.

### RESERVATIONS

1.    Defendants' identification of categories of documents does not constitute a representation or implied representation that any particular document exists within Defendants' possession, custody, or control.

2.    Defendants' initial disclosures are made without waiver of, or prejudice to, any objections Defendants may have.  Defendants expressly reserve all objections, including but not limited to:  (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these initial disclosures or the subject matter thereof; and (i) producing documents containing information disclosed or transmitted to any state or federal agency, to the extent such information is confidential and not

required to be disclosed under applicable law.  All objections are expressly preserved, as is Defendants' right to move for a protective order.  Defendants reserve the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

       3.     Defendants have not completed their investigation of this case and reserve the right to clarify, amend, modify, or supplement the information contained in these initial disclosures if and when they obtain supplemental information, to the extent required by the Federal Rules of Civil Procedure.

       4.     Defendants' initial disclosures are made subject to and without limiting any of the foregoing.

## INITIAL DISCLOSURES

**1.     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.  [Fed. R. Civ. P. 26(a)(1)(A)]**

Defendants submit the following initial disclosure of individuals likely to have discoverable information relevant to the disputed facts:

- Linette Ambrose

- Joseph Bryant, Jr.

- Alexander Coles

- James Johnson

- Vicki Keatts

- Donna McAuliffe

- Consuella Petty-Judkins

- Andrew Ritchie

2

- Trudy Spence-Parker

- Rocco Tomanelli

- James Walls

- Linda Murphy

With the exception of Linda Murphy, all of these individuals are employees of Defendants and should be contacted through counsel for Defendants. Linda Murphy is the former HR Director and is no longer employed at the DRBA.

**2.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment. [Fed. R. Civ. P. 26(a)(1)(B)]**

These documents are located at Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, DE 19801, in the possession of Adria Martinelli, Esquire.

- Plaintiff's Personnel File

- Documents received from the Equal Employment Opportunity Commission

**3.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered. [Fed. R. Civ. P. 26(a)(1)(C)]**

Defendants claim no damages with respect to this proceeding at this time. Notwithstanding the foregoing, Defendants expressly reserve the right to claim damages relating to this proceeding if, during the course of discovery and investigation relating to this proceeding, Defendants learn they have a claim for damages against the Plaintiff.

**4.    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. [Fed. R. Civ. P. 26(a)(1)(D)]**

Defendant has an insurance policy with AIG Domestic Claims, Inc., Financial

Lines, which is being handled by its Claims Analyst, John Battista.  The policy number is **978-**

**04058**.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email:  wbowser@ycst.com;
amartinelli@ycst.com
*Attorneys for Defendants*

Dated:  June 28, 2007

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD S. RILEY,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )    C.A. No. 05-746 (MPT)
                                          )
THE DELAWARE RIVER AND BAY                )    (Consolidated)
AUTHORITY, JAMES JOHNSON,                 )
Individually, JAMES WALLS, Individually,  )
TRUDY SPENCE-PARKER, Individually,        )
and CONSUELLA PETTY-JUDKINS,              )
Individually.                             )
                                          )
                    Defendants.           )

## NOTICE OF SERVICE

I, Adria B. Martinelli, Esquire, hereby certify that on June 28, 2007, two copies of

**Defendants' First Request for Production of Documents Directed to Plaintiff** were served by

First Class Mail upon the following counsel:

James P. Hall, Esquire (I.D. No. 3293)
Phillips Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adria B. Martinelli*
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
    *Attorneys for Defendant*

Dated: June 28, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD S. RILEY,                        )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )    C.A. No. 05-746 (MPT)
                                        )
THE DELAWARE RIVER AND BAY              )    (Consolidated)
AUTHORITY, JAMES JOHNSON,               )
Individually, JAMES WALLS, Individually,)
TRUDY SPENCE-PARKER, Individually,      )
and CONSUELLA PETTY-JUDKINS,            )
Individually.                           )
                                        )
                    Defendants.         )

**DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

DEFINITIONS AND INSTRUCTIONS

        A.      The word "document" or "documents" as used herein is employed in the

broadest possible sense and shall include without limitation the original and any non-identical

copy of any written, printed, typed, photographic, recorded or graphic matter, however produced

or reproduced, including but not limited to, any correspondence, memoranda, notes, logs,

telegrams, videotapes, audiotapes, tape recording, reports, diaries, transcripts of telephone or

other conversations or any other writings of any nature whatsoever, other photographic and

retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise)

in possession, custody or control of the above-named Plaintiff and/or his attorneys.

        B.      "Person" refers to the plural as well as the singular of any natural person,

firm, corporation, association, group, partnership or organization, unless specifically stated

otherwise.

C.    "You" and "your," as used in this Request, shall mean the Plaintiff, Ronald S. Riley, his agents, and all other persons acting on his behalf, including his attorneys.

D.    If you claim that the attorney-client, attorney work product, or any other privilege applies to any document which is sought by this Request, then with respect to that document:

(1)    State the date of the document;

(2)    Identify the author(s) of the document;

(3)    Identify each and every person who prepared or participated in the preparation of the document;

(4)    Identify each and every person for whom the document was intended as either an addressee or the recipient of a copy;

(5)    Identify each and every person who has ever had possession of the document if other than the person identified in (4); and

(6)    State the factual and legal basis for the claimed privilege, or specific statutory authority which provides the claimed ground for non-production.

E.    This Request shall be deemed continuing so as to require further supplemental production in the event Plaintiff, or any attorney, agent, representative or professional employed by Plaintiff in connection with this litigation obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

## <u>REQUESTS</u>

1.    All audio or videotapes, tape recordings, notes, diaries, logs, calendars, chronologies, reports of investigation, and other documents taken, made, or prepared by you or

on your behalf concerning any fact in issue in this case including without limitation summaries, statements, or recorded interviews of any person concerning any matter in issue in the pleadings.

2.      All correspondence between you and Defendant(s) referring or relating to any of your claims against Defendant(s).

3.      All correspondence between you and any other person or entity (other than privileged documents) referring or relating to any of your claims against Defendants.

4.      All documents which you contend form the factual basis for or support your contention that Defendants committed any wrongful act, unlawful discrimination, and/or unlawful retaliation.

5.      All documents (including those that support any claim for punitive or liquidated damages) establishing, supporting, evidencing, referring or relating to any relief  you seek in your Complaint, including but not limited to, all pecuniary or financial losses such as lost income, salary, bonus or other compensation, benefits, damages for personal or bodily injury or for emotional distress, and/or any injunctive or other non-pecuniary relief requested.

6.      All documents which you filed with, or which were sent to you by, the Equal Employment Opportunity Commission ("EEOC"), Delaware Department of Labor ("DDOL"), and/or any other state, local or federal agency in connection with your claims against Defendants.

7.      All documents which relate or refer to your employment with  Defendants, including, but not limited to, all documents concerning any alleged changes in your working conditions, assignments, changes in your rate of pay, and evaluations or other documents concerning your performance.

8.      Copies of all medical records of each physician, psychologist, psychiatrist, or other health care provider for treatment or consultations with you for physical or emotional injuries allegedly sustained as a result of the facts alleged in the Complaint.

9.      All income records for the past ten years, whether employed or self-employed, including copies of all federal and state income tax returns with attached schedules.

10.     All documents concerning your efforts to secure employment in any job or position made any time during your employment with  Defendants, including without limitation correspondence, employment applications, resumes, curriculum vitae ("CV"), or biographical sketches sent to any prospective employer, employment agency, employment search firm, recruiter, temporary staffing firm, or vocational counselor and/or all documents you received from any prospective employer or employment agency.

11.     All reports, correspondence, letters or any other documents you have sent to or received from any person you have identified as an expert in connection with the facts in issue in the pleadings, including without limitation any such documents that you contend support any allegation you make against  Defendants.

12.     Any reports or other documents supplied to you by any person employed by you as an expert witness in this case including any documents containing opinions and/or facts on which opinions are based concerning any aspect of the matter in litigation.

13.     Copies of any report or other documents by any person you contend is an expert containing opinions and/or facts on which these opinions are based concerning any matter in issue in this case.

14.     All documents identified or referred to, in your answers to Defendants' First Set of Interrogatories Directed to Plaintiff.

4

15.     Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this request for production which is relevant to any issue in the litigation, including but not limited to issues of liability and/or damages.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email:  wbowser@ycst.com; amartinelli@ycst.com
  *Attorneys for Defendants*

Dated:  June 28, 2007

051649.1014

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD S. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-746 (MPT) |
| | ) | |
| THE DELAWARE RIVER AND BAY | ) | (Consolidated) |
| AUTHORITY, JAMES JOHNSON, | ) | |
| Individually, JAMES WALLS, Individually, | ) | |
| TRUDY SPENCE-PARKER, Individually, | ) | |
| and CONSUELLA PETTY-JUDKINS, | ) | |
| Individually. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF SERVICE</u>

I, Adria B. Martinelli, Esquire, hereby certify that on June 28, 2007, two copies of

**Defendants' First Set of Interrogatories Directed to Plaintiff** were served by First Class Mail

upon the following counsel:

James P. Hall, Esquire (I.D. No. 3293)
Phillips Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19801


YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adria B. Martinelli*
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
*Attorneys for Defendant*

Dated: June 28, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RONALD S. RILEY,                              )
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )    C.A. No. 05-746 (MPT)
                                             )
THE DELAWARE RIVER AND BAY                   )    (Consolidated)
AUTHORITY, JAMES JOHNSON,                    )
Individually, JAMES WALLS, Individually,     )
TRUDY SPENCE-PARKER, Individually,           )
and CONSUELLA PETTY-JUDKINS,                 )
Individually.                                )
                                             )
                    Defendants.              )

## DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

## INSTRUCTIONS

A.      You are hereby required, under oath in accordance with Fed. R. Civ. P. 33, to answer the following interrogatories within 30 days of service.

B.      In answering these interrogatories, furnish all information in your possession or in the possession of your officers, agents, employees, attorneys, and investigators for your attorneys.

C.      If you cannot answer the following interrogatories in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information you have concerning the unanswered portion.

D.      These interrogatories are continuing. If you or your attorney become aware of the existence of any information within the scope of these interrogatories after your

answers have been served, such additional information shall be immediately provided to Defendants' attorneys.

E.    Each Interrogatory is to be answered separately.

F.    If you object to any of these Interrogatories or document requests on the ground that the information or documents sought is privileged, please provide with your answer a privileged log containing the following for each such piece of information or document: the date of the information or document, the nature of the information or document, the subject matter of the information or document, the participant in the communication of information or the author(s) and recipient(s) of the documents, the privilege which you claim protects the information or document, and all persons having knowledge of the information sought, or any person having possession, custody or control of the original documents and all copies thereof.

## **DEFINITIONS**

A.    The word "document" or "documents" as used herein shall include without limitation the original and any non-identical copy of any written, recorded, or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes of meetings, telegrams, reports, medical records, statements, transcripts of telephone conversations or any other writings of documentary material of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) in possession, custody, or control of the above-named Plaintiff and/or his attorneys.

B.    The words "you" or "your" shall mean the Plaintiff, Ronald S. Riley, and shall include any and all agents or representatives thereof and/or any individual or other organization acting in his behalf.

2

C.    "Person" means and includes any individual, corporation, partnership, association or other entity.

D.    "And" as well as "or" as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information and documents.

E.    The term "identify" as used herein in connection with a "person" or "persons" means: state the name, present addresses, the person's business affiliation and title or employer and position as the case may be at the times relevant to the response, the person's last known employers, positions, and employers' address and telephone number, and the responsibilities held by the person during the times relevant to the response.

F.    The term "identify" as used herein in connection with a document means:

(1)    Furnish the name and date of the document, the name and address of the person originating the document, the names and addresses of all persons to whom copies of the document were to have been sent, nature of the document (e.g., letter, memorandum, etc.), subject matter, number of pages, and a summary of its contents.

(2)    State whether you are in possession of the original of the document or a copy thereof, and if not in possession of the original nor a copy, furnish the name and address of the custodian of the original or a copy.

G.    The term "identify" with respect to communication shall mean to indicate whether the communication was oral or embodied or evidenced by a document.  If the latter is the case, please identify the communication in accordance with the instruction for identifying documents set forth in paragraph "F" above.  If the communication was oral, please identify all conversations or other oral communications pertaining to the subject matter of the interrogatory

3

and include the following information: the date of transmittal, the place or location at which the communication occurred, including the state, city, street address and name or nature of the premises, whether the communication occurred over the telephone or other electronic device, or at a face to face meeting, please identify each of the persons participating in such communication and each person in the immediate presence of such persons participating therein, a brief description of the subject matters discussed, and a brief description of the statement made by each person participating in such communication.

        H.     The term "identify" with respect to an act, transaction or occurrence means tell, articulate, specify, relate, state or explain every fact necessary to describe such event fully and completely, including the following information for each event: the date such event occurred, the nature of such event, the subject matter of such event, each participant in the event, including each witness of such event, any privilege which you claim protects any information associated with this event, and all persons having knowledge of such event, including all persons having possession, custody or control of any document of such event or copies thereof.

        I.     As used herein, the words "record" or "records" including any formal or not formal, official or not official, memorandum or written preservation of any events, actions taken, and details thereof, inquired into here.

        J.     As used herein, a "communication" is any transmission or exchange of information, written or oral, formal or informal, regarding any event, action taken, or policy here inquired into.

        K.     "Concerning" is used in its broadest sense and shall mean concerning, referring or relating in any way to the subject matter.

4

**<u>INTERROGATORIES</u>**

1.      Identify each person who has knowledge of the facts alleged in the pleadings, stating for each person the facts about which each such person has knowledge.

2.      Identify each person who has been interviewed on your behalf, state the date of the interview, and the identity of each person present for each such interview.

3.      Identify all persons from whom statements have been procured in regard to the facts alleged in the pleadings.

4.      Identify all persons, other than your attorneys, with whom you have discussed the matters that are the subject of this lawsuit, and supply the address and telephone number of each such person.

5.      Identify each document that you have, and each document of which you are aware, which relates to any alleged wrongful act by Defendants, the claims made in the Complaint, or the facts of this case.

6.      Identify each document you sent to or received from the Equal Employment Opportunity Commission ("EEOC"), the Delaware Department of Labor ("DDOL"), or any administrative agency concerning the claims made in the Complaint.

7.      With regard to any alleged statement made by Defendants or any agent of Defendants, whether oral or written, which you contend constitutes an admission and upon which you may rely at trial, please give a complete recitation thereof, state the date and place of its making and identify the person or persons who made it and who were present when it was made or written.

8.       Describe in detail each way in which you contend you were injured or have suffered damages as a result of the claims made in your Complaint including, but not

limited to: (a) stating the total amount of damages claimed for pecuniary or financial losses of any kind; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or grounds upon which you rely to support each element of damages claimed; (d) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (e) identifying any person (including expert witnesses) whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages claimed.

9.     Please identify all non-monetary relief you are seeking and the basis for your request for such relief.

10.     Identify each physician, psychologist, psychiatrist or any other health care provider consulted by Plaintiff and any medical records or other documents concerning treatment or consultation for any physical or emotional injuries allegedly sustained as a result of the facts alleged in the Complaint.

11.     Identify each doctor, psychiatrist, psychologist, therapist, or health care provider of any kind who treated you in the last ten years.

12.     Please state whether you intend to introduce statistical evidence in support of your claims. If so, please: (a) describe the statistical data and specify the particular statistics to be used; (b) identify the source of the statistical data; (c) name any witnesses whom you will call to testify with respect to the statistical data; (d) specify the fact or facts that you claim the statistical data prove and state how that fact or those facts relate to the establishment of each claim you make in this litigation; (e) describe the evidence or testimony which you intend to introduce in this litigation to establish that the statistics to be used establish or tend to establish any claim you make in this litigation.

13.     Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial; whether or not you expect to call him/her as a witness at trial; and for each such person state the date of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

14.     Identify any expert you expect to call as an expert witness at trial and; state the subject matter on which the expert is expected to testify; provide a summary of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion, as required under Court Rules.

15.      Describe all efforts by you to obtain employment outside the DRBA during the course of your employment, stating for each application: (a)  the name and address of the employer to whom you applied; (b) the position applied for; (c) the date(s) you applied; (d) the annual compensation of the position for which you applied; and (e) the name of the person to whom you submitted an application or resume.

16.     Identify any crime you have been convicted of including the original charges, the offense you were convicted of, the conviction, and each court that has a record of the conviction.

17.     Please state your current home address and each address where you have lived for each of the last ten years.

18.     Identify any lawsuit, other than this action, in which you are or were a party including the names of all parties, the caption of the case, the court in which such lawsuit was filed.

19.    Identify each discrete act of discrimination that you contend occurred since October 18, 2001.

20.    For every paycheck you contend was discriminatory, identify:  (a) the date of the paycheck; (b) the total gross value of the paycheck; (c) the total gross value you contend you should have been paid for each paycheck; and (d) the basis for which you believe you should have been paid the amount identified in (c).

21.    Identify all evidence, including comparable employees, which supports your allegation in paragraph 13 of your complaint, stating that you were not provided adequate compensation for your work responsibilities due to the fact that you are an African American male.

22.    Describe all job duties you perform that you contend are in excess of that as defined for an operations clerk.

23.    Identify the person answering and signing the answers to these interrogatories, and identify each person, other than counsel, who has been consulted, who has provided information for, or who assisted in answering these interrogatories.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email:  wbowser@ycst.com; amartinelli@ycst.com
    *Attorneys for Defendant*

Dated:  June 28, 2007

# EXHIBIT E

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

ADRIA B. MARTINELLI
DIRECT DIAL: (302) 571-6613
DIRECT FAX: (302) 576-3314
amartinelli@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

August 1, 2007

James P. Hall, Esquire
Phillips Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Re:    Riley v. Delaware River & Bay Authority, *et a.l*
C.A. No. 05-746 (MPT)

Dear Jim:

As you are aware, a scheduling order for this case was ordered on June 28, 2007. Initial disclosures were due five days from the date of the Order, on July 5, 2007.

On June 28, 2007 I also filed Defendants' first set of interrogatories and first request for production of documents. Your responses were due on July 30, 2007. Please provide your initial disclosures and discovery responses no later than **Friday, August 10, 2007** or I will be forced to file a Motion to Compel.

Very truly yours,

Adria B. Martinelli

ABM:ky

cc:    Trudy Spence-Parker

DB01:2433500.1

051649.1014